# THE DECISIONS

OF THE

# SUPREME COURT OF THE STATE OF FLORIDA,

AT

# JANUARY TERM, 1848.

THE UNION BANK OF FLORIDA, FOR THE USE OF CHARLES MOR-
RISON, *vs.* BURWELL McBRIDE.

A WRIT of Error will be dismissed on motion made for that purpose, where the
plaintiff in error was the original plaintiff, and had not, *previous* to suing out
his Writ of Error, paid all costs incurred in the court below, and given bond,
as required by statute.

There is no exception to this rule in favor of non-resident plaintiffs.

LANCASTER, Justice :

This cause comes up by Writ of Error, from the Circuit Court
for Jefferson County, Chief Justice THOMAS DOUGLAS having sat at
the trial.

McCANTS, for Defendant, moved the Court, that this Writ of
Error be dismissed.

1st. Because plaintiff in error (who was original plaintiff) had
not, at the time of suing out the writ, paid costs.   2nd. Because
the plaintiff in error had not given a bond for costs, in such case
provided by law.

*Hagner*, for Plaintiff, stated :

He did not know that costs had been paid, but thought it probable
that, pursuant to a general understanding between the Clerk of the
Circuit Court and himself, the costs had been charged to him.
Also, that a bond for costs in this Court has not been given, and
that Morrison, the real plaintiff in interest, resides in England, too
far away to have been yet heard from, since the trial below.

Union Bank for the use of Charles Morrison, *vs.* Burwell McBride.

The statute of February 12, 1836, Thompson's Digest, 447, section 5, referred to by defendant's attorney, provides that " no " appeal, or Writ of Error, shall hereafter be granted to the original " plaintiff in any suit, unless said plaintiff *first* pay all costs which " may have accrued, in and about said suit, up to the time when " said appeal or Writ of Error is prayed; and, also, enter into bond, " with one or more securities, in a sum sufficient to cover all costs " which may accrue, in the prosecution of said appeal, or Writ of " Error, conditioned to pay the same, if the judgment, sentence, or " decree of the court shall be affirmed."

This act of the Legislature (believed by the Court to be in full force) is regarded by them as applicable to, and conclusive on this motion. The payment of all costs below, and entering into bond, as in the act prescribed, seem to be steps precedent to granting a Writ of Error, imperatively required by the statute. Any other construction would, they think, be repugnant to the act, an evasion of it, and, in some measure, render it inoperative.

The reason assigned for not having given the required bond does not, in the opinion of the Court, strengthen the plaintiffs position. He is admitted to be a non-resident, and, therefore, not within the reach of process from the Courts of this State. It is not sufficiently apparent that he paid all costs which accrued in and about his suit in the Circuit Court, the best evidence of which would be the certificate of the Clerk of that Court, and in the opinion of this Court, therefore, the most proper evidence. He failed in his suit below, yet, without payment of past costs, or security for those which may here accrue, he seeks further to pursue this defendant. His being a non-resident adds legal force to the liability he was under to pay all costs below, as well as give bond for those which might accrue here, before suing out his writ.

The Court are unanimously of opinion the motion must be allowed, and *do order this* cause to be dismissed, and that the defendant, Burwell McBride, have judgment for his costs.