Mr. Justice Clayton
delivered the opinion of the court.
This was an application to the circuit court of Yalabusha county, made at its February term, 1847, for a mandamus to compel the board of police of that county, to sign a bill of exceptions, with a view to bring up a case by appeal to the circuit court. The judgment of the board of police was rendered at the August term, 1846.
The answer of the defendants states, “ that no motion for an appeal was made, nor any appeal prayed for at the said August term, 1846, or at the February term, 1847, of the said board of police.” The circuit court directed a mandamus to issue.
The statute regulating appeals from judgments of the board of police, directs that “such appeal shall be taken during the term of the board at which the judgment was rendered, or at the next succeeding regular term thereof, and not after.” Hutch. Code, 712.
It is insisted here, that the judgment of the circuit court was erroneous; 1st, because the .applicant had another plain and adequate remedy; and 2d, because the application for “an appeal by bill of exceptions came too late.”
In the case of The Board of Police of Attala Co. v. Grant, 9 S. & M. 90, this court said “ A mandamus is the appropriate remedy to compel public functionaries, or tribunals, to perform some duty required by law, where the party has no other remedy. But the right or duty must be certain; it will not lie if it is not. Hence the return must state all necessary facts, so that the court may give judgment. The court cannot enter into an inquiry to ascertain the facts, and settle unsettled matters; it is not competent to decide on disputed facts. The facts are to be shown by the return, or by a judicial determination in an action for a false return; and when so ascertained, a mandamus may issue.”
The statute gives the appeal by bills of exception or certiorari. Hutch. Code, 712. Here, then, the party might have adopted either *347 mode of proceeding. But throwing that out of view, was his application for the appeal by bill of exceptions made in proper time? The answer says expressly, it was not. We have seen that the answer is to be taken as true, until the contrary is shown by a judgment in an action for a false return. By moving for a peremptory mandamus, the truth of the answer was admitted. 25 Wend. 680; 9 S. & M. 89. In Ross v. Lane, 3 S. & M. 695, the court said, “ A mandamus will not be awarded to enforce the performance of an act which is contrary to law.” The statute expressly directs that the appeal by bill of exceptions “shall be taken at the time at which the judgment was rendered, or at the next succeeding regular term, and not after.” If the answer is to be regarded as true, the application was made after the time limited by the statute, and we could not, consistently with the law, direct a mandamus to issue to compel the doing of that which the law says shall not be done.
The judgment of the court below was therefore erroneous, and' must be reversed.