No. 7.—ADAM SHORT and others, plaintiffs in error, *vs.* DAVID
L. COHEN, defendant.

[1.] A party within the time, applies to the Clerk to enter an appeal, and
gives bond with security, which is entered on the minutes, and in which it
is recited that the costs are paid, and which minutes are approved and
signed by the presiding Judge. The costs are not paid to the Clerk in hand,
because, as he states, he is engaged with the business of the Court, and
tells the party that he wishes to look at the papers, and consult the counsel
for the opposite party, before making out the bill of costs, and will make
it out as soon as possible. The Clerk testifies farther, that the costs were
not tendered by the party, but that he has no reason to presume but that
the costs would have been paid, if the bill had been tendered, and no de-
mand for the costs was afterwards made upon the party appealing : *Held,*
that the Statute requiring the cost to be paid before entering the appeal,
was substantially complied with, and that the appeal was regularly en-
tered.

Motion to dismiss an appeal, in Chatham Superior Court.
Decided by Judge H. R. JACKSON, June Term, 1851.

Two motions were made in this cause—one, to have the cause
entered on the Appeal Docket, the other, to dismiss the appeal.
Both were founded upon the same question, and involved the
same, and a single point.

D. L. Cohen, against whom a decree was rendered, at Jan-
uary Term, 1851, in favor of Short and others, within four days
after the adjournment of the Court, demanded an appeal. The
usual bond, with security, was entered on the minutes of the
Court, and attested by the Clerk, in which it was certified that
the said Cohen "had paid all the costs." The motion to dis-
miss, was founded upon the allegation, that the costs were not ac-
tually paid. And in support of the motion, the affidavit of W.
H. Bulloch, the Deputy Clerk, was tendered, stating that, "pre-
suming the costs would be paid, and not being prepared with a
bill of costs, as he was desirous to submit the bill to one of com-
plainants' counsel, he attested the bond, which was drawn up in
the usual form." No bill of costs was ever tendered to the ap-
pellant.

The Court below refused the motion, holding, 1st. That he would not go behind the minutes of the Court to inquire whether the costs were, or were not, actually paid. 2d. That the Clerk's own statement showed that the costs were not paid, for his own accommodation.

This decision is assigned as error.

LLOYD & OWENS, and CHARLTON, WARD & OWENS, for plaintiff in error.

LAW and BARTOW, for defendants.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The appeal was certainly properly entered on the Appeal Docket. From the minutes of the Court, it appeared to the presiding Judge, that an appeal had been entered according to law. He was bound to recognize the appeal to be valid, so far as to place it upon the docket; particularly, as so placing it, would not preclude any rights which the plaintiffs in error might have, growing out of its alleged irregularity. For it was competent for them, notwithstanding its being entered on the docket, to move to dismiss it. This right to move for its dismissal, was in fact, reserved to them in the order of the Judge, directing it to be entered, and was exercised when the cause was called in its order.

The real question is this, to wit: was the Statute complied with in entering the appeal? If it was, there was no error in the order refusing the motion of the plaintiffs in error to dismiss it. Either party dissatisfied with the verdict of the Jury, may as matter of right, within four days after the adjournment of the Court, enter an appeal. The conditions precedent to the right of appeal are, that the person or persons applying, *shall pay all costs which may have arisen on the former trial,* and give security for the eventual condemnation money. *Cobb's New Dig.* 494, '95. The objection to the regularity of this appeal is, that the Statute was not complied with, because the costs were not paid. Coun-

Short and others *vs.* Cohen.

sel insist, that before any appeal can be considered as regular, the cost must be paid.    They claim that the Court has no jurisdiction of the cause on the appeal, until this is done; that payment of costs is made  by law, an indispensable condition precedent to the right of appeal : and  since the costs were not paid in this case, the party is not entitled to  be heard  on the appeal.    To all of these propositions we yield our hearty assent, except one, and that is, that the Statute was not complied with, in the payment of the costs.    It is true, that we are informed by the record, that the money was not literally paid into the hands of the Clerk ; but it is also certified to us by the record, that enough was done, when the appeal was demanded of the Clerk, to amount to  a  substantial  compliance  with  the  requirement  of  the Statute in this regard.    It is the duty of the Clerk to receive the appeal, when  the  cost is paid and bond is given, and to transfer the cause to the Appeal Docket.    It is his official duty to take the security, and it is his official duty to receive the cost.    He is a collecting officer to that extent.    He is as much bound to collect the cost, as he is to do any other duty which the law devolves upon him ; and he is not only not  bound,  but not at liberty  to receive an appeal unless the costs are paid  to him.    When the costs are paid to him, he is liable for them to the persons to whom it belongs; and he may  be coerced to pay it over, as any  other receiving officer of the Court.    Farther, when he receives the costs, the respondents are by  that act discharged from liability to pay it.    With  these incontestable propositions borne in mind, let us look to the facts of this case.    Within the  time  prescribed by law, indeed before the adjournment of  the Court, the defendants in error appeared in  Court, bringing  with them  their  security. A bond with security was  signed, sealed and delivered  to the Clerk, and by  him attested at  the moment.    In this bond the Clerk recites that the costs are paid.    Subsequently, and before the minutes were approved and certified by the presiding Judge, it was entered on the minutes.    The Clerk  being engaged in the business of the Court, and being desirous, as he states, of examining the papers before making out a bill of  the costs, and being also  desirous of  consulting one of  the counsel for  the plaintiff in

error, before making it out, attested the bond without receiving the cost, saying to the defendant, Mr. Cohen, that he would make out the bill of costs as soon as possible. No costs were tendered at the time; but the Clerk farther states, that he had no right to presume but that if he had tendered the bill of costs, it would have been paid. No bill of costs was ever presented to the appellants, and no demand of them for the costs was ever made. Subsequently, the bill of costs was paid by the counsel for the plaintiffs in error. These are the facts upon which the plaintiffs in error sought to dismiss this appeal. The Court refused to admit the proof of them, holding that he would not permit the record to be impeached by the Clerk, as to the fact of the payment of the costs, and holding farther, that the evidence would not, if admitted, authorize the dismissal of the appeal. Waiving the question as to the conclusiveness of the minutes, and the recital in the bond that the costs were paid, we declare our judgment to be, that according to the facts, as sought to be proved, the appeal was legally entered. The learned counsel for the plaintiffs in error "stay here upon their bond" and insist upon their pound of flesh, demanding, that if there be law in Venice, they shall have it. They say that the Statute requires the *cost to be paid in hand*, and the cost was not paid in hand. This is the argument, and the only argument; and to sustain it they need some authority—authority which goes the length of saying, that nothing short of actual, literal payment of the costs in money, will fulfil the conditions of the Statute. If in such a case as this, a Court of justice were held to deprive a party of a great right, by adhering to the mere letter of the Statute, then indeed would the administration of justice be justly characterised, as it most unjustly has been characterised, as a blind observance of absurd technicalities. We do not yield the point, that the law is so rigid in its exactions, or that the power of the Court to do justice, is thus narrowly limited. We are to consider the spirit and reasonable intendment of this Statute, and if these have been complied with, the defendants in error are entitled to their appeal. If the literal construction for which the counsel contend, was invoked in fur-

therance of justice, the invocation would be entitled to more favor.   Here it is asked to the denial of the right of appeal in restriction of justice, when too, if granted, it would yield no right which is denied to the plaintiffs in error, and protect them from no injury that can by possibility result to them.   They, we are very clear, could never be called upon rightfully to pay this cost ;  and if they have merits in their suit, the presumption of law and fact is, that a rehearing will not deprive them of those merits.   But if the appellants have merits in their defence, and their appeal is disallowed, they are forever concluded.

The receiving of the appeal, manifested by taking the bond, receipting for the costs, and entering on the minutes of the Court, was an official act, and imports, *prima facie*, that the requirements of the Statute were all complied with.   Let it be conceded that these things may be inquired into ;  that it was competent to remove the *prima facie* import of the recital in the bond, that the cost was paid, by proof that it was not paid, *then* how stands the case?   The proof shows two things.   1st. That in legal effect, it was paid, and 2d. That it was the act of the Clerk, and not of the defendants in error, which caused it not to be literally paid.   The defendants in error were there, ready and willing to pay, and from aught that appears, would have paid the cost, had not the Clerk himself volunteered to decline receiving it, in order to get time to make out the bill.   The Clerk does not say, in so many words, that he declined receiving it, but such was the effect of both his words and actions; for he says, that he did not tender a bill of the costs, and told the party that he would make it out as soon as possible.   Had the Clerk, or any one for him, within the four days, tendered to the defendants the bill of costs, and they had failed to pay it, the case would have been very different.   There is, however, no evidence that it was tendered to them, or that they had any opportunity to pay it.   The Clerk having virtually asked time to make out the bill, they could not have been in laches until called upon to pay.   Under these circumstances, are they not to be considered as having, on their part, complied with the law?   The meaning of the Statute is, that a party shall not have the benefit of an appeal, if he

neglects or refuses to pay the costs. It certainly does not mean that he shall be deprived of the right of appeal, by the neglect or omission of the officer. Had these defendants taken the money from their purses, and tendered the amount of the costs, and it had been declined by the Clerk, can there be a doubt but that then their appeal ought to be sustained? The case made is, in substance, the same. They were there for the express purpose of entering an appeal, and the Clerk testifies that he had no right to presume but that they would have paid the cost, if he had tendered the bill. What was the legal effect of his conduct? It was, to become himself chargeable with it, to the other officers to whom it was due. Not to pass the amount to the account of the defendants with him, but to recognize it as paid, and to assume its payment to the officers; and thus we say, to all legal intents, the cost was paid, and the Statute complied with. Upon this view of it, how are the plaintiffs injured? The requirement that the cost shall be paid, is unquestionably for their benefit. If it was paid, they get the benefit. I have no idea at all, that under the facts disclosed in this record, they could be made liable for the cost due, when this appeal was entered. Is it objected, that upon this view of the matter, the officers are constrained to risk the solvency of the Clerk for their costs? The reply is, that they take that risk, as well, when the money is literally paid to him. He is by law, the receiving officer of this fund. Under the facts of this case, he is as clearly liable to be ruled for the costs, as if he had received it in hand. It does not alter the case, that counsel for plaintiff in error paid this cost, since they paid it in their own money.

Let the judgment be affirmed.