JAMES W. HALL, *et al.*, APPELLANTS, VS. WILLIAM PENNY, APPELLEE.

1. An appeal is not "obtained" until all the requirements of the statute necessary to make it effectual are complied with; and in cases at law, the giving and approving of a bond is one of the pre-requisites. Thomp. Dig., 446.

2. All the steps necessary to perfect an appeal, if the appeal be applied for during a term of the Circuit Court, must be taken during the term; and if the appeal be applied for in vacation, all the requirements of law must be complied with within ten days after the close of the term, otherwise an appeal is not "obtained" within the meaning of the statute.

Appeal from the Circuit Court for Escambia county.

Judgment having been rendered against the appellants, who were plaintiffs in the Circuit Court, and a motion for a new trial having been made by them, which motion was denied on the 4th day of October, A. D. 1869, the plaintiffs, on the 9th day of October, prayed an appeal, which was granted. On the same day, the said Circuit Court was adjourned for the term. On the 4th day of November the appeal bond was approved by the Judge and filed.

The respondent now moves that the said appeal be dismissed, because the said bond was not approved and filed in the time required by law.

*C. W. Jones* for the motion.

*C. C. Yonge contra.*

RANDALL, C. J., delivered the opinion of the court.

The statute of Feb'y 10, 1832, Th. Dig., 446, provides that if either party shall feel aggrieved by a final judgment, it shall be lawful for such party, during the session of the court at which the judgment is pronounced, or within ten days thereafter, to *obtain* in court, if the appeal be made in term time, or in the clerk's office if it be in vacation, his appeal to the Supreme Court, and an appeal obtained shall in all cases operate as a *supersedeas.* The party appealing shall give bond. If the said appeal be applied for in term time, the application shall be made in open court, and so stated by the clerk upon the record, and the bond shall be approved by the Judge; if the appeal be applied for in vacation, the bond shall be approved by the clerk.

The act of Feb'y 12, 1836, declares that no appeal or writ of error shall be granted to an original plaintiff unless said plaintiff shall first pay the costs, and also give the required bond.

In the case of the Union Bank vs. McBride, 2 Fla., 7, the

court unanimously say, after quoting the statute of 1836, that "the payment of all costs below, and entering into bond, as in the act prescribed, seem to be steps precedent to granting a writ of error, imperatively required by the statute. Any other construction of it would, we think, be repugnant to the act and an evasion of it, and in some measure render it inoperative." In that case, as in the present, the plaintiff in error was the plaintiff below.

This proceeding by appeal is a statutory substitute for a writ of error, and like other statutory remedies, the law creating or prescribing it must be strictly complied with. This has been the uniform rule in this State as elsewhere.

An appeal is not "obtained" until all the requirements of the statute necessary to make it effectual are complied with, and, in cases at law, the giving and approving of a bond is one of these prerequisites.

All the steps necessary to perfect an appeal, if the appeal be applied for during a term of the Circuit Court, must be taken during the term; and if the appeal be applied for in vacation, all the requirements of law must be complied with within ten days after the close of the term.

The statute does not provide any mode of supplying, after the expiration of the time limited, an omission of anything necessary to perfect an appeal and make it effectual, and the courts are not authorized to enlarge the statute or dispense with a compliance with it.

In the present case, the plaintiff below prayed an appeal in term time, and it was "granted" by the court, but the bond was not approved and filed until some twenty-six days after the close of the term.

The appeal must therefore be dismissed with costs.