Lane *et al.*, *vs.* Robinson, Judge, etc.

D. B. LANE *et. al.*, *vs.* PHILLIP J. ROBINSON, Judge.

(Rule *nisi* for *mandamus* to compel correction of a certificate and to reinstate a cause.)

A cause was called in its order upon the docket of this Court, and a motion was made to dismiss it, on the ground that the bill of exceptions had not been certified and signed within thirty days after the decision was made at Chambers, and that no reason was given in the certificate of the Judge, why it was not signed and certified within the thirty days, as provided by the Code, and this Court dismissed the writ of error, on that ground, and ordered the judgment of the Court below to be affirmed. On the next morning after the writ of error was dismissed, and before the minutes of the Court had been read and approved, the counsel for the plaintiff in error made a motion to have the judgment of the Court, dismissing the writ of error and affirming the judgment of the Court below, set aside and the case reinstated on the docket, and that a *mandamus nisi* be issued by this Court, to the presiding Judge, to show cause why he should not state in his certificate the reason why he did not sign and certify the bill of exceptions, within the thirty days. The motion for a *mandamus* was in writing, and the truth of the facts stated therein, was verified by the oath of one of the counsel in the case; from which it appears, that the bill of exceptions was presented to the Judge within the thirty days, but that he having objections to some of the facts stated therein, did not return the same to the plaintiff, or his attorney, within ten days, as required by the Code, but retained the same in his possession, until after the expiration of thirty days, and then certified and signed said bill of exceptions, without stating any reason therein for his delay and failure to sign and certify the same, within the thirty days, as required by law: *Held*, that inasmuch as the Code provides, that if from any cause the bill of exceptions is not certified by the Judge, without fault of the party tendering the same, such party, or his attorney, shall apply at the *next term* of the Supreme Court, wherever it may be, and may, on petition, obtain from said Court a *mandamus nisi* directed to such Judge, and, inasmuch as the Court, at the time of the adoption of the Code, held its terms at several different times and places in the State, the application for *mandamus* might have been made at any time during the next term of the Court, and as the terms of the Court have since been located at one place, and as the present term of the Court is *the next term* held, since the bill of exceptions was tendered to the Judge, and no time specified either in the Code, or by the rules of this Court, within what time during the term of the Court, the *mandamus* shall be applied for, the plaintiff in error is within the provisions of the Code, when he applies for a *mandamus* at any time during the term, as he has done in this case.

*Held, further*, that, inasmuch as it is shown to this Court, during the term, by the oath of the attorney for the plaintiff in error, that the bill of exceptions was tendered to the Judge within the thirty days from the date of his decision at Chambers, and that it is not his fault that the same was not properly signed and certified, that he is entitled to the *mandamus* prayed for in his petition, and that the case be reinstated on the docket of this Court, and that the order dismissing the same be rescinded and set aside, in order that the plaintiff in error may not loose any of his rights in the case, by reason of the failure of the Judge to certify his bill of exceptions, as required by law.

*Mandamus.* Bill of Exceptions from Morgan Superior Court. May Term, 1869. Dismissed, and cause afterwards reinstated.

Abner M. Partee and wife filed a bill against Dawson B. Lane and Early W. Thrasher, and in May, 1869, had a decree against said defendants. They moved for a new trial. This motion was heard, at Chambers and overruled ; within thirty days after this decision, defendant's solicitors tendered a bill of exceptions to the Judge. He was willing to certify to its truth, with a certain exception. Instead of returning it to them, with his objections, he retained it, waiting to see them. This delay passed beyond thirty days from said decision at Chambers. He finally certified it, in the usual form, to be true, with said exception, dating his certificate when he made it, and giving no explanation of said delay. When the cause was called here, Porter's solicitor moved to dismiss the bill of exceptions, because it was not certified within thirty days from the decision complained of, and because, as he averred, the evidence was not brought here according to Rule 10th of this Court. Defendant's solicitors said that the Judge declined making any explanation of said delay, saying that since the bill of exceptions was tendered to him within thirty days, (which was recited therein,) the law was complied with, and that he could certify it at any time, though after the thirty days, and they here argued that this opinion of the Judge was correct ; further, they said, if this was not so, they had a certificate making said explanation, made out by Judge Robinson since notice of this motion was made, and proposed to add it, as a part of the certificate of the Judge to

Lane *et al., vs.* Robinson, Judge, etc.

the bill of exceptions. But the Court would not allow that. Without passing on the question as to the evidence, this Court dismissed the bill of exceptions, on the first of said grounds, without passing upon the other ground, and granted an order, in the usual form, affirming the judgment below.

Before the minutes of Court were approved, said defendants appeared, and moved that said order be suspended, and that a rule *nisi* issue, requiring said Judge to show cause why he should not make, in his certificate, an explanation of said delay. In this motion, which was verified by one of movant's solicitors, it was stated that at the time said Judge returned said bill of exceptions, counsel for both sides were present, and the Judge explained to them all why he had made this delay, and that since the motion to dismiss was made, said Judge had said that he understood that Partee's solicitor agreed to take no advantage of said delay. They also produced a certificate made by the Judge, after the motion was made to dismiss the cause, in which he did explain his delay, by saying he held it to see counsel as to correcting the bill of exceptions, to make it conform to the truth of the case, and stated that upon consultation they had agreed that this certificate (which they produced on the hearing of the motion to dismiss) would prevent a dismissal, and for that reason did not move a rule for *mandamus*, before the case was called; and they prayed that said cause be reinstated on the docket of this Court.

J. D. Pope, B. H. Thrasher, for the motion.

A. Reese, contra.

Warner, J.

When the case was called in its order on the docket of this Court, a motion was made to dismiss it, on the ground that the bill of exceptions was not certified and signed by the presiding Judge, within thirty days from the date of the decision made at Chambers. The motion was sustained, the writ of error was dismissed, and the judgment of the Court below

was affirmed. The next morning, before the minutes of the Court had been read and approved, the counsel for plaintiff in error made a motion for *mandamus nisi* to be directed to the presiding Judge of the Superior Court, requiring him to show cause why he should not state in his certificate the reason why he did not certify the bill of exceptions, within the thirty days, as required by law, alleging in the petition for *mandamus* that the same had been tendered to him within thirty days from the date of the decision made at Chambers. The facts alleged in the petition for *mandamus* were verified by the oath of one of the movant's counsel. At the same time a motion was made to vacate the judgment, dismissing the writ of error, and to reinstate the case on the docket.

From the facts stated in the petition for *mandamus*, it manifestly appears that the reason why the bill of exceptions was not certified and signed within the thirty days, was without the fault of the party tendering the same, he having tendered it within time to the presiding Judge. When the Code was adopted, the terms of the Supreme Court were held at different times and places in the State; whereas, there are now but two terms of the Court, held annually at one place. The 4198th section of the Code provides, that if from any cause the bill of exceptions is not certified by the Judge, without fault of the party tendering, such party or his attorney, shall apply at the next term of the Supreme Court, wherever it may be, and, on petition, obtain from said Court a *mandamus nisi* directed to such Judge. There is no time stated in the Code, nor in the present rules of this Court, at which, during the next term thereof, the application must be made for *mandamus*, and this being the next term of the Court, since the bill of exceptions was tendered, the plaintiff in error claims that he is now in time to make his application. In order to prevent the plaintiff in error from losing his right to be heard in this Court, by reason of the failure of the presiding Judge to perform his duty, as required by law, when he has not been guilty of any fault or negligence himself, we will grant the *mandamus nisi*, and reinstate the case upon the docket of this Court. All bills of exceptions are to be

signed and certified by the presiding Judge, *within thirty days* after the adjournment of the Court, or from the date of the decision made at Chambers, and if not so signed and certified, the cause of the delay must be stated in his certificate, *annexed to the original bill of exceptions*.

Let the *mandamus nisi* prayed for issue, and the case be reinstated on the docket of this Court.