LAWRENCE G. MAYO, APPELLANT, VS. E. S. HYNOTE FOR THE USE OF FORCHEIMER & CO., APPELLEES.

1. A bill of exceptions was settled and signed by the Judge on the 29th day of May, 1878, as of the 4th day of May, 1878, the 29th being beyond the time allowed by the special order of the court within which to make such bill of exceptions, and the 4th within such time. No laches existing on the part of the appellant, the bill having been placed in the hands of the Judge for signature within the time, and the cause having been brought into and heard by the Appellate Court at the first term thereof after the judgment: *Held*, That in a case of this character, controlled entirely by the rules of the court, the court will consider the circumstances surrounding it, and in this case will consider the bill of exceptions as properly here.
2. It is the province of the jury to determine questions of fact, and when the evidence is conflicting and there is no question of credibility of witnesses, this court will not interfere unless it appears that the jury were influenced by some improper motive.

Appeal from the Circuit Court for Santa Rosa county.

There is a sufficient statement of the facts in the opinion of the court.

*C. C. Yonge* for Appellant.

*G. G. McWhorter* for Appellees.

MR. JUSTICE VAN VALKENBURGH delivered the opinion of the court.

This was an action of trover to recover the value of cer-

43

tain square hewn timber, which Forcheimer &. Co. claimed
to be the owners of, alleging that the defendant Mayo had
converted the same to his own use. The defendant plead
not guilty, and claimed that the plaintiffs below were not
the owners of the property.

The cause was tried at the October term of the court for
Santa Rosa county before a jury, and a judgment was en-
tered on the 16th day of that month in favor of the plain-
tiff for the sum of four hundred dollars. The defendant
moved for a new trial, which motion was denied. He then
brought his appeal to this court. The errors assigned are—
first, the verdict of the jury is contrary to and against the
weight of evidence; second, the verdict was against the law
and the charge of the court.

On the argument of this cause it was suggested that the
bill of exceptions was not signed by the judge who held the
court within the thirty days mentioned in the order made by
the court on the trial of the cause, and that, therefore, it
was not properly a part of the record and should not be con-
sidered.

. Rule 98 of the Circuit Court in common law actions,
provides that "the bill of exceptions shall be made up and
signed during the term of the court at which the verdict
is rendered or trial had, unless by special order further time
is allowed. In case such special order is made it shall be
entered in the minutes, and in making up the bill of excep-
tions the fact that such an order was made shall be men-
tioned therein, or shall otherwise appear in the record."

The record shows that this rule was complied with; that
on the 15th day of April, 1878, when the motion for a new
trial was denied and judgment ordered for the plaintiff, the
court made an order which was entered in the minutes giv-
ing to the appellant thirty days to "propose a bill of excep-
tions." The bill itself shows that such special order for time
was made, and that on the 4th day of May thereafter, with-

in the thirty days granted by the order, the proposed bill was presented to the judge and he was requested to sign the same. The bill is signed by the judge "this 29th day of May, A. D. 1878, as of said 4th day of May."

The appeal bond was filed on the 9th day of May. The party had been guilty of no laches ; his bill was in due time presented to the judge for settlement and signature ; his appeal bond was filed, and this is the first term of this court at which, by any possibility, he could have been heard. The delay, if any, was occasioned by the absence of the judge in the performance of his official duties. Had the judge refused to sign and settle the proposed bill when requested, the statute provides a method by which it might have been perfected. Thomp. Dig., 37.

If the delay was occasioned by neglect or other cause except refusal, the object could be accomplished by mandamus. High's Legal Remedies, §220 ; Lane vs. Robinson, 40 Ga., 467 ; Board of Police vs. Ray, 20 Miss., 342.

If either one of these proceedings had been resorted to the bill could not have been settled, probably, within the thirty days allowed by the order. No time has been lost, and neither party has been injured. We hold that the bill is a part of the record and properly here. No exceptions appear to have been taken to the introduction of any of the evidence upon the trial, or to any portion of the charge of the court to the jury. Such evidence was conflicting without any question as to the credibility of witnesses, and it was peculiarly the province of the jury to determine the question of fact submitted to them. We have frequently held that in such case this court will not interfere, unless it appears that the jury were influenced by some improper motive. Godwin vs. Bryan, 16 Fla. ; Coker vs. Merritt, ibid. ; Sullivan vs. State of Florida, ibid.

The judgment is affirmed.