Loomis v. McKenzie.

AFFIRMED.

## LOOMIS v. McKENZIE.

1. **Appeal:** NOT PERFECTED: JURISDICTION.   Where, on appeal, the clerk's fees for transcript were not paid or secured, it was held that the appeal was not perfected, and that the court below retained jurisdiction in the cause, and had power to grant a new trial.

2. ————: SUPERSEDEAS BOND.   The supersedeas bond secured the clerk's fees for transcript only in case the judgment was in substance affirmed.

3. ————: ESTOPPEL.   The fact that the clerk ordered the execution returned on service of notice and filing of bond for appeal, did not estop the party from showing the appeal had not been perfected.

4. ————: PROCEDENDO.   Where the Supreme Court assumes jurisdiction to entertain and dismiss an appeal not perfected, and *procedendo* is issued, it would not have the effect to set aside a new trial granted in the meantime by the court below, or to reinstate the judgment.

5. ———: NEW TRIAL. Where the court below having jurisdiction grants a new trial, the order, however erroneous, is not void.

6. ———: EXECUTION. Where the order granting a new trial was appealed from and superseded, it will not authorize the issuance of an execution on the judgment.

*Appeal from Delaware Circuit Court.*

MONDAY, OCTOBER 24.

ACTION in equity to set aside a certain sale under execution of real estate and deeds made by the sheriff in pursuance thereof. The court granted the relief asked in substance, but both parties appeal.

*J. M. Brayton*, for appellants.

*J. B. Powers* and *Blair & Bronson*, for appellee.

SEEVERS, J.—The facts necessary to be stated are: That the defendant McKenzie, obtained a judgment in an equitable action in the District Court against the plaintiff. Thereupon the plaintiff served the requisite notices for an appeal to the Supreme Court, and also filed a supersedeas bond. Afterward, and before the term of the Supreme Court, to which the appeal was returnable, the plaintiff caused a notice to be served that he had withdrawn said appeal, and on the same day commenced an action or special proceeding to vacate said judgment, and for a new trial. The latter was granted, and the defendant McKenzie, appealed to the Supreme Court and filed his supersedeas bond. Afterward, on motion of said McKenzie, the judgment from which plaintiff appealed was affirmed by the Supreme Court on the ground he had failed to prosecute his appeal. Upon a proper showing being made, the judgment of affirmance was set aside. And thereafter the Supreme Court made the following order: "On this day it appearing to the court that after the appeal had been taken the appellant was granted a new trial in the court below, and

thereupon dismissed his appeal, it is therefore ordered that said appeal be dismissed in this court with costs against appellant, and that execution issue therefor." And the usual *procedendo* in such cases was issued by the clerk of the Supreme Court.

Afterward an execution was issued on the judgment rendered in the action in which a new trial had been granted, and thereunder the real estate sold. To set aside said sale and deeds made in pursuance thereof, is the object of this action.

The real estate was purchased by certain persons who are made defendants. After said sale had been made, the appeal of McKenzie from the order of the court granting a new trial was determined by the Supreme Court, and the same reversed. *Loomis v. McKenzie*, 48 Iowa, 416.

I. A material question is, whether the District Court had jurisdiction of the subject matter at the time the new trial was granted. The judgment having been rendered in an equitable action, it is insisted by the appellees: First, That an appeal by the plaintiff was duly taken and perfected. Second, This being so, the cause had been wholly removed from the court below, and was pending in the Supreme Court; and Third, That a party cannot withdraw or dismiss an appeal to the Supreme Court without the consent of the adverse party. On the other hand, the appellant insists that though an appeal was taken, it never was perfected, and hence, the District Court retained its jurisdiction of the judgment for the purpose, upon the proper showing being made, of granting a new trial. At the time the order of this court was made dismissing the appeal, it was taken for granted the appeal had been perfected. This is true also when the appeal from the order granting the new trial was determined by the Supreme Court. See *Loomis v. McKenzie*, before cited. It now appears that notices of appeal were duly served December 20, 1875, and a supersedeas bond filed at or about the same time, but that the clerk's fees for a transcript were

1. APPEAL: not perfected: jurisdiction.

neither paid nor secured, and that on February 17, 1876, the plaintiff caused to be served on McKenzie, a notice that he had withdrawn said appeal and would take no further action therein.

It is provided by statute that "an appeal shall not be perfected until notice thereof has been served upon both the party and the clerk, and the clerk paid or secured his fees for a transcript." Code, § 3179.

This statute has been in force for several years, but the question has never been presented to this court what effect the failure or refusal of the appellant to pay the clerk's fees for the transcript has upon the appeal.

The statute seems to contemplate there may be an appeal as distinguished from a perfected appeal, for it is provided an appeal is taken by the service of the requisite notices (Code, § 3178), and then the following section, quoted above, declares when such appeal shall be regarded as having been perfected. There does not seem to be any room for construction in this statute. The language can be readily understood, and it declares in terms that the appeal is not perfected until the fees for the transcript are paid or secured. In a statutory sense, this is just as important and essential as the service of the requisite notices.

We have no occasion to determine the effect of an unperfected appeal further than that it cannot have the effect in and of itself to remove the cause from the jurisdiction of the court below. As the appeal had not been perfected, the appellee had the right to the process of the court to enforce it. This being so, it follows necessarily the court had the power and jurisdiction to refuse such process by granting a new trial.

Whether the appellee can have such an appeal affirmed or dismissed and obtain in this court a judgment on the supersedeas bond is not in this case. Nor is it essential that we should determine whether the appellant can dismiss or with-

draw an appeal not perfected without the consent of the appellee, and this is true as to the question whether the clerk can waive the provision of the statute requiring the appellant to pay or secure the fees for the transcript.

II.  The appellees insist the supersedeas bond secured the clerk's fee for the transcript.  It was conditioned that the appellant should pay all "costs and damages that shall be adjudged against the appellant on the appeal, and shall also satisfy and perform the said judgment appealed from in case it shall be affirmed, and any judgment or order the Supreme Court may render, or order to be rendered by said District Court."  It is evident this bond would secure the clerk's fees only in case the judgment was in substance affirmed.  If it should be reversed, the bond would not secure the clerk's fees for the transcript.  A supersedeas bond is not essential in perfecting the appeal.  *Pratt v. The Western Stage Co.*, 26 Iowa, 241.

*2. ———: supersedeas bond.*

III.  It is also said, the plaintiff is estopped from now showing the appeal had not been perfected.  It is a sufficient answer to this to say the plaintiff never so assented, but, on the contrary, insisted he had withdrawn it.  At most, he asserted he had appealed, but, as has been said, the statute contemplates there may be such as distinguished from a perfected appeal.

*3. ———: estoppel.*

Conceding the clerk did order an execution to be returned when the notices of appeal were served and the supersedeas bond filed, this should not estop the plaintiff from showing the appeal had not been perfected.  The action of the clerk should not prejudice the plaintiff, besides this he was simply mistaken when it became his duty to regard the appeal as having been perfected.

IV.  Conceding the Supreme Court had jurisdiction to entertain the appeal and therefore dismiss it, the only effect of this action and the *procedendo* which accordingly issued was to direct the court below to pro-

*4. ———: procedendo.*

Loomis v. McKenzie.

ceed as if no appeal had been taken, provided the status of the cause remained the same in said court as when the appeal was taken. If the District Court in the exercise of its appropriate jurisdiction had in the meantime granted a new trial in the action or set aside the judgment, the action of the Supreme Court would not have the effect to reinstate the judgment in full force or set aside the order granting the new trial. No such questions were presented to or determined by the Supreme Court.

V.  As the District Court had the jurisdiction and power to grant the new trial, the order, however erroneous it may

5. ——: new have been, is not void. Hence, if it be admitted
trial.            the court did not determine before granting the new trial that there was a valid defense to the action (if this was essential), this at most would be error only. It is also immaterial in this proceeding under what section of the Code the court preceeded, that is under § 2837 or § 3154. The order granting the new trial under either would not be a nullity.

VI.  It is insisted as the order granting a new trial had been appealed from and superseded an execution could law-

6. ——: ex- fully issue on the judgment. We do not think
ecution.         this position is tenable. The effect of the supersedeas was to prevent the plaintiff from proceeding with the trial of the main action until the question had been determined by the Supreme Court, whether a new trial had been properly granted. At least this is probably so. It may have had the futher effect to preserve the liens of the judgment. But clearly we think it did not have the effect to authorize the issuance of an execution on a judgment in an action in which the court had granted a new trial. A supersedeas cannot, we think, have any greater effect than to preserve rights. It does not give any which did not exist at the time it took effect on existing things.

VII.  The judgment was not in form set aside or vacated.

It remained on the records of the court. It had been rendered in an action in which a new trial had been granted. Such a judgment for all purposes relating to its enforcement is a nullity. It would be strange indeed if such a judgment had sufficient vitality to sustain an execution and proceedings thereon.

It is admitted on all hands, we believe, that a purchaser at execution sale must, in order to sustain his title to property purchased thereunder, show a valid judgment and execution. Rorer on Judicial and Execution Sales, § 641.

This being so the sale and deeds were properly set aside and the rights of the purchasers sufficiently protected in the decree.

It is sufficient to say as to the plaintiff's appeal that it must be regarded as abandoned because not argued by counsel.

AFFIRMED ON BOTH APPEALS.

ON REHEARING.

SEEVERS, J.—Conceding the plaintiff did assert in the petition for a new trial he had taken and perfected an appeal, the question is what effect such assertion should have in this action. Such allegation was wholly immaterial. The plaintiff by filing the petition for a new trial claimed, in substance, the court had jurisdiction and the power to grant the relief asked. Instead of so showing the allegation as to the appeal, if true, would have shown the court did not have jurisdiction. The new trial was refused on other grounds and therefore the asserted fact had no effect whatever on that litigation. For this reason and because we do not think any of the defendants relied on the assertion and predicated action thereon, we do not think the plaintiff should be estopped from proving the truth.

The petition for a rehearing is overruled.