ELIZABETH JACKSON ET AL., APPELLANTS, VS. JULIA HAISLY ET AL., APPELLEES.

1. The provision of section 3, page 840, McClellan's Digest, that no appeal shall be granted to the original plaintiff in any suit unless such plaintiff shall first pay all costs which may have accrued up to the time when the appeal is prayed, applied to cases at law, but not to those in equity, and contemplates that the clerk shall, upon the application of such plaintiff, tax the costs within the time allowed for appealing, so as to enable the plaintiff to know what he is to pay.

2. Where an original plaintiff in a common law action has entered his appeal, and given bond and secured an approval of the same within the time allowed by law for appealing, and his failure to pay within such time the costs accrued up to the appeal (section 3, page 840, McClellan's Digest,) is due solely to the default of the clerk in not taxing them within the time allowed for appealing, and the plaintiff has been reasonably active in endeavoring to secure a taxation of them within such time, and has promptly paid the costs upon their being taxed after the expiration of the appeal period, the appeal will not be dismissed on account of their not being paid within such period.

3. The allowance by a Circuit Judge of time beyond a term of court for settling a bill of exceptions has no effect to extend the time prescribed by the statute for appealing; its only purpose is to give time for making a record of proceedings *in pais* in that court for the appellate court to act on.

4. The omission of an agent executing an appeal bond to file his power of attorney at the time of executing the bond does not affect the appeal.

Appeal from the Circuit Court for Marion county.

The facts of the case are stated in the opinion.

Motion to dismiss appeal.

*Thomas F. King*, for the motion.

*R. L. Anderson*, *contra*.

RANEY, C. J.:

Appellants sued appellees in ejectment. The jury rendered a verdict that the defendant was not guilty, and on the same day, March 25th, 1889, at the spring term of the Circuit Court of Marion county, judgment was entered accordingly. A motion for a new trial was made, and on April 6th an order overruling it was entered, and sixty days were allowed for the presentation of a bill of exceptions. The term anjourned *sine die* this day. Notice of appeal was given and entered at the same time, but afterwards, on the 29th of the same month, another entry of appeal to the June term, A. D. 1889, of this court was made, and followed by citation. On May 2d an appeal bond was filed, the Clerk of the Circuit Circuit approving the same. A bill of exceptions was signed by the Circuit Judge June 4th, 1889, and filed in the clerk's office on the next day. The transcript of the record now before us, was certified to by the clerk on the 7th o' the same month, and it bears a formal certificate of the clerk,

Elizabeth Jackson et al. v. Julia Haisly et al.—Opinion of Court.

by his deputy, dated the following day, that the plaintiffs " have paid " all the costs in the cause amounting to $143.51, and also the sum of $17, the cost of the transcript. The costs appeared to have been taxed by the clerk June 8th, 1889. The transcript of the record was filed here on June 10th, 1889.

On January 2d, 1891, appellees served notice on appellants that they would move this court on the 14th of the same month to dismiss the appeal on the following grounds: 1st. That the costs of appeal were not paid within the time required by law. 2nd. There is no evidence of authority from the appellants to M. L. Payne as their agent to sign the bond in appeal in said cause, and that there was no such authority in fact.

The Act of Februaray 12th, 1836, sec 5, p. 447, Thomson's Digest, sec. 3, p. 840, McClellan's Digest, provides that no appeal or writ of error shall hereafter be granted to the original plaintiff in any suit unless such plaintiff shall first pay all costs which may have accrued in and about the suit up to the time when the appeal or writ of error is prayed; and also enter into bond with one or more securities in a sum sufficient to cover all costs which may accrue in the prosecution of the appeal or writ of error, conditioned to pay the same if the judgment or decree of the court shall be affirmed.

Appellees in support of their motion rely upon the above transcript, certificate and papers as to the pay-

ment of the costs, and upon the following affidavits: One of the clerks, D. A. Miller, made December 16th, 1890, to the effect that the costs were paid to him on the eighth day of June, 1889, and one made March 19th, 1891, by Raymod B. Bullock, who was a deputy of the clerk during the said month of June, stating that he does not remember and cannot say on what day the costs were paid, and, further, that Mr. Anderson, the attorney of appellants, "said to affiant that he was ready to pay said costs, more than once, but that no money for the same was shown or offered at any time to the affiant before the costs were taxed and paid;" and an affidavit of William P. Haisley, one of the appellees, made March 18th, 1891, giving a history of the protracted litigation concerning the lot, stating his close observation of the proceedings as to an appeal, and his determination, in response to a sense of duty as to protecting his wife's property rights, to take advantage of every technicality and requirement of the law in perfecting the appeal, and that in pursuance of such purpose he watched the appeal proceedings "from day to day, and at various times before the sixty days allowed for paying the costs in appeal he appeared in the clerk's office of said Circuit Court and asked the clerk if the costs had been paid, and the reply was every time that they had not been paid; that after the expiration of the said sixty days affiant again called at said clerk's office, and was again in-

formed by him that the said costs were not paid, of which fact affiant at once informed his attorney, and that affiant is positive that said costs were not paid till after the said sixty days had expired."

The appellant has filed an affidavit of Bullock, made March 5th, 1891, stating he was such deputy clerk during the first six months of the year 1889, and that he remembers the payment of the costs in this cause, and the circumstances connected therewith; that the cause having been long pending, and many steps having been taken, and numerous witnesses having been summoned by both parties at successive terms of the court, the making up of the cost bill was a task somewhat complicated and difficult; that the plaintiff's attorney, R. L. Anderson, stood ready at all times after said judgment was rendered in said cause to pay the costs in accordance with law, and requested that the said costs be taxed, and the amount ascertained, that the amount might be paid by plaintiffs; that the certificate of the payment of costs endorsed upon the appeal transcript was so endorsed thereon by affiant at the request of appellant's counsel, to serve as evidence of such payment; that in fact, the payment of such costs was made prior to that date, and that if the payment was made after the time limited by law, such delay was due to no default or negligence of appellants, who paid the same as soon as they were taxed by the clerk and the amount ascertained.

14

Appellants have also filed an affidavit of Miller, the clerk, made March 11th, 1891, stating that Bullock, his deputy, attended personally to the matter of the payment of the costs, and that his (Millers's) "certificate" of December 16th, 1890, *supra* is and was based on facts and dates shown by the papers relating to the appeal, and not upon personal knowledge derived from personal attention to said costs.

This action being one at law, the statutory provisions set out above apply to it, though they do not apply to cases in equity. Smith vs. Curtis, 19 Fla., 786. The only other cases construing this act are those of Union Bank, for the use of Morrison vs. McBride, 2 Fla., 7, and Gordon vs. Camp, Ibid, 23, and Hall vs. Penny, 13 Fla., 593. In the first of these cases the only showing as to the payment of costs was the statement of counsel for appellant that he did not know that the costs had been paid, but thought it possible that pursuant to a general understanding between the clerk and himself the costs had been charged to the latter; and the reason for not giving bond was that the real plaintiff resided in England, too far away to have been heard from since the trial. In the second case no bond had been given when the writ was granted, but afterwards an illegal bond, one signed by the attorney at law in the name of plaintiffs in error, was filed, and one hundred dollars were deposited with the clerk as "security on the bond."

These writs of error were both dismissed, and the views expressed by the court, in the former case, are that the payment of the costs and the entering into bond seems to be steps precedent to granting a writ of error imperatively required by the statute, and that any other construction would be repugnant to and an evasion of the act, and in some measure render it inoperative; and in the latter case it is said that the act is restraining and prohibitory, and held that what was before a writ of right is no longer so for an original plaintiff unless they first perform the conditions upon which the writ may under this act be granted.

Hall vs. Penny was an appeal by an unsuccessful plaintiff, the term of the court adjourning and the appeal bond not being given or approved within the ten days thereafter, then allowed by law. The appeal was dismissed, the court holding that all the steps necessary to make the appeal effectual must be complied with, within the time prescribed by the act, and that the court was not authorized to enlarge the statute or dispense with a compliance with it, and that the giving and approving of a bond was one of its prerequisites.

There is no doubt but that the failure of the party desiring to appeal, to do, within the time prescribed by law for taking the appeal, anything which he may do of himself or independent of any official action, forfeits the appeal. Benbow vs. Marquis, 17 Fla., 236;

Morse vs. Ellis, 18 Mich., 77; Dowell vs. Cruthers, 26 Kan., 720; Hopper vs. Jones, Admr., 64 Md., 578; Adams vs. Robertson, 40 Ill., 40; Cook vs. Cook, 104 Ibid, 98; Patterson vs. Stewart, Ibid, 104; Pace vs. Ficklin, 76 Va., 292; Loomis vs. McKensie, 57 Iowa, 77.

In Gordon vs. Camp, Hall vs. Penny, and Benbow vs. Marquis, *supra*, the giving of the bond was not dependent upon any previous action of any officer. What would have been the effect if, in either case, the bond had been properly tendered and there had been an omission or delay in the judge or clerk to act on it until after the statutory limitation had passed, was not involved nor passed upon. The language of judges is to be confined in the effect as an adjudication to the facts of the case under consideration. In Morrison vs. McBride, *supra*, it does not appear that there had not been a taxation of the costs; the point is not even suggested, and it must be assumed that they had been taxed and there was no such obstacle to their payment.

The payment of the costs before the expiration of the thirty days after the adjournment of the term, the period allowed for taking an appeal, (Barrs vs. Creary, 23 Fla., 61,) is dependent upon the performance of an official duty by the clerk, and the Legislature in imposing this obligation upon an appellant contemplated and implied the previous performance of the clerk's

duty.    Until there has been a taxation of the costs the appellant cannot perform the conditions imposed by the statute; he cannot know the amount of costs, or what he should pay.    He cannot, in the nature of things, pay or tender payment until he knows what he is to pay, nor before the amount of the costs is ascertained.    In this case the appellant's attorney not only stood ready to pay, but requested the clerk to perform his duty, and the clerk, not intending, it is true, any official delinquency, failed to perform that duty within the time contemplated by the law.    Even if there was not this absence of any intentional default of duty upon the part of the clerk, the appellants would stand in no worse condition unless there were some complicity in it by them or their counsel.    The costs were paid promptly upon the taxation being made.    To hold that the appellants must suffer a forfeiture of their right of appeal under these circumstances would not only visit upon them the consequences of an official default when they have been altogether prompt, and require an impossible duty, but also violate the true intent and spirit of the act in so far as it imposes this duty.    Appellants should, we think, be reasonably active to procure a taxation of the costs, but under the circumstances shown by this record they should not suffer from a mere default or misunderstanding by the clerk of his own duties. The    following    authorities    sustain    this    conclusion :

Short vs. Cohen, 11 Ga., 39 ; Holt vs. Edmondson, 31 Ga., 357; Cannon vs. Sheffield, 59 Ga., 103; Robinson vs. Medlock, Ibid, 598; Kirkland vs. His Creditors, 8 La., Condensed Rep., N. S., 597; Austin vs. Scovill, 34 La Ann., 484; Chaffee vs. McIntosh, 36 La Ann., 824; Whitaker vs. Tracey, 41 Ark., 259; Smith vs. Allen, 31 Ark., 268; McGehee vs. Carroll & Jones, Ibid., 551; Haas vs. Lees, 18 Kan., 449; Laymance vs. Laymance, 15 Lea, 476; Palmer vs. Gardner, 77 Ill., 143; McIlhaney vs. Holland, 111 Penn., St., 634; Mayo vs. Hinote, 16 Fla., 673; Livingston vs. Cooper, 22 Fla., 292. The case of Wait vs. Van Allen, 22 N. Y., 319, is opposed to this view, but we think it is too rigid. Broom's Legal Maxims, m. p. 122.

No consideration has been given to the affidavits objected to by counsel for appellees, in reaching the above conclusion. Of course we have nothing to do with the merits or history of the litigation, on this motion.

The extension of time for settling a bill of exceptions has nothing to do with taking an appeal further than the making of a record of matters *in pais* for the appellate court to act on; it has no effect to extend the time prescribed by the statute for appealing. Lewis, Executor vs. Meginniss, 25 Fla., 589, 591-92; 6 Southern Reporter, 169; Cook vs. Cook, 104 Ill., 98.

The second ground of the motion is met by the appellants by the production of a power of attorney to

Payne, authorizing him to execute the appeal bond, and the clerk swears that at the time of the approval of the bond this power was exhibited to him. The fact that it was not filed at the time does not change the fact of its existence. The material question is its existence at that time, and this is clearly shown upon the issue made in this court, which alone has power to try it. Booten vs. Bank, 67 Ga., 358. The affidavit of Miller as to what Mrs. Jackson said to "another person" is hearsay, and cannot be regarded.

The motion is denied and it will be ordered accordingly.