DAVID GORDON AND WIFE *vs.* JOHN G. CAMP.

The Territorial act of Feb. 12, 1836, entitled " *an act to amend an act regulating the mode of suing out writs of error and prosecuting appeals in the Territory of Florida, passed February* 8, 1832," is not repugnant to the 5th Sec. of the act of Congress approved May 15, 1826, entitled " *an act to amend the several acts for the establishment of a Territorial Government in Florida.*"

The act of February 12, 1836, is restraining and prohibitory. What was before a writ of right, is no longer so to original plaintiffs. They are not entitled to a writ of error unless they *first* pay all costs incurred in the court below, and give bond as required by the statute.

Filing money in court to be substituted for the personal security required in the plaintiff's bond under that act, will not meet the requirements of the act.

The powers of an attorney at law do not extend to the execution of a bond for his client.

Motion to dismiss the case for non-payment of costs below, and for want of bond to secure costs to accrue.

*Douglas & Hogue*, for the motion.

*Brockenbrough*, Contra.

LANCASTER, Justice.

On motion to dismiss this cause for want of bond for costs.— Brockenbrough showed cause against the motion.

It is admitted that at the time the writ of error in this case was granted, no bond was then given. Since that time the attorney at law of the plaintiff has signed and filed a bond in their name, for costs, and as security on the bond, has deposited with the Clerk, one hundred dollars in money.

David Gordon and Wife, *vs.* John G. Camp.

Perceiving that the opinion delivered at this term in the case of Morrison *vs.* McBride, had not met the approval of the bar, and being anxious to be right, the court have bestowed much care in an exam- ination of the statutes, on the subject of appeals and writs of error. It was objected that the first section of the act Feb. 12, 1836, Du- val's laws, 112, on which the decision in the case of Morrison *vs.* Mc- Bride proceeded, was never of force, being repugnant to the 5th Sec. of the act of Congress, entitled "an act to amend the several acts for the establishment of a Territorial Government in Florida." Ap- proved May 15, 1826. By reference to that section it appears to the Court, it was provided " that writs of error and appeals shall lie and may be taken on all final decisions of said Superior Courts where the matter in dispute shall amount to the sum or value of one hundred dollars exclusive of costs, to the Court of Appeals of said Territory, in the cases in that section enumerated, all of which are cases arising under the Constitution and Laws of the United States, in the same manner that appeals are directed to be taken from a District to a Circuit Court of the United States. The 6th Section then provides that in the cases enumerated in the first part of the preceeding section, certain sections of the act of 24th Sept., 1789, entitled " an act to establish Judicial Courts of the United States," and another act to amend and explain the 22d Section of that act shall as far as practicable be observed as the regulations to govern writs of error and appeals in such enumerated cases.

The 5th section of the act of 15th, May, 1826, then provides in the last part of it, in *all other cases* writs of error and appeals may be taken from said Superior Courts to the Court of Appeals in such manner as the Legislative Council have directed or shall direct. What other cases ? Doubtless all such as do not arise under the Constitution and laws of the United States, and such as the Courts of this State have new jurisdiction of under the Constitution of the State.

The Legislative Council under the authority of the provision of the act of Congress before recited, passed an act regulating appeals and writs of error, dated Feb. 10th, 1832. See Duval's laws 108—9. The seventh section of that act provides for the test of writs of error that they shall issue *on demand as matter of right*, and then enacts sun- dry other regulations concerning them. This act remained in force until the year 1836 when the statute of Feb. 12, was enacted. That act provides that no appeal or writ of error shall *hereafter* be

*granted* to the original plaintiff in any suit unless he shall *first* pay all costs accrued up to the time, &c., and also *enter into bond* with &c., Duval's laws 112.   It must be seen that the act of 1832 remained in force four years; what evils if any resulted from it, is not declared in the act of 1836.   But so much of it as provided that writs of error should issue on demand as a matter of right, is clearly repealed by the act of 1836, in the case of original plaintiffs praying appeals or writs of error, unless they shall *first* pay all costs, &c., and enter into bond &c., as therein prescribed.   In all cases of which the Circuit Courts of this State now have jurisdiction, the act of 1836 was fully and completely in force at the time of its passage, because the act of Congress before referred to had given power to the Legislative Council to provide by law the manner in which appeals and writs of error might be taken in all such cases.

Let it be remembered that the act of Feb. 12, 1836, in the case of original plaintiffs, provides that all costs in the court below shall *first* be paid, and a bond with one or more securities shall *first* be entered into, before an appeal or writ of error shall be granted to such parties, and that this act succeeded or rather superseded another which provided that writs of error should issue on demand as a matter of right.   It will be difficult to imagine a form of words, better calculated to restrain and prohibit the granting the writ, except upon the precedent conditions in that act prescribed.

No statute of any other State (brought to the notice of the Court) is so conclusive, or rather exclusive in its terms, and the construction given by the Courts to theirs furnishes us no precedent in construing ours.   The statute of New York, referred to as among the most restraining, contains no requirement that costs below shall be *first* paid, and bond with security also *first* given, before the writ shall be granted.   Their Courts had a discretion left them.   There was no room for construction.   It is said that the act of 1836 is remedial, and should be construed most effectually to meet the beneficial end in view, and to prevent a failure of the remedy.   It appears to the Court to be restraining and prohibitory.   What was before a writ of right, is no longer so for original plaintiff's unless they *first* perform the conditions upon which it may be granted.

The Counsel for the plaintiffs in error allege the bond given and security filed in this case are sufficient to meet the requirements of this act.   It will be sufficient on this point to say, the bond was

4

David Gordon and Wife, *vs.* John G. Camp.

signed for plaintiffs by their attorney at law—that the powers of an attorney at law, do not extend to such a transaction, and the party plaintiff can execute a valid bond only by himself, or his attorney in fact to whom that power is delegated.   Moreover, the bond filed was not given until after the writ was granted, nor is there one or more securities on the bond as required by the act.   The bond is therefore defective and insufficient.   A majority of the Court are of opinion that filing money in Court, to be substituted for personal security, will not meet the requirements of the act which is prohibitory and restraining, and only such a bond as it provides for is allowable.

It is not necessary for the Court to attempt to assign the reasons which influenced the Legislature in the passage of this act.   It may have been to restrain plaintiffs who fail in their suits below, from further harrassing defendants, except on the terms in the act prescribed ; or some other reason may have influenced them.   Be this as it may, the act is too plain to be misunderstood.   " *Ita lex quod scripta est,*" and the alternative remains with the Court to enforce the law, or to annul and repeal it.   The power of repeal is Legislative.   The power of the Court is judicial.   If the act is unjust, impolitic, or oppressive, the remedy is with the Legislature.

The motion must be allowed.   It is therefore considered and ordered by the Court, that this writ of error be dismissed, and the defendant do recover his costs in this Court, to be taxed by the Clerk, &c.