N. A. CALLISON, *Plaintiff in Error*, v. ATLANTIC COAST LINE RAILROAD COMPANY, *Defendant in Error*.

Opinion Filed December 20, 1921.

1. The statute (Sec. 2908 Revised General Statutes) provides that "no writ of error shall be granted to the original plaintiff in any suit unless said plaintiff shall first pay all costs which may have accrued in and about the said suit up to the time when said writ of error shall be prayed." *Held*; that the payment of all costs which may have accrued in and about the said suit up to the time a writ of error is prayed is an indispensible prerequisite to the right of the original plaintiff to demand a writ of error and that the payment by him of such costs only as shall have been previously incurred in such litigation by said original plaintiff is not a compliance with the statute.

2. A writ of error will be dismissed on motion made for that purpose where plaintiff in error was the original plaintiff and had not previous to suing out his writ of error paid all costs incurred in the court below.

A Writ of Error to the Circuit Court for Alachua County; J. T. Wills, Judge.

Writ of Error Dismissed.

*Robert W. Davis* and *Robert E. Davis,* for Plaintiff in Error;

*R. A. Burford,* for Defendant in Error.

WEST, J.—Motion to quash the writ of error sued out in this case and dismiss the case has been presented by defendant in error. The grounds of the motion are, first, that the writ of error was improvidently issued because plaintiff in error neglected and refused to pay accrued costs in said suit in the court below before praecipe praying for writ of error was filed; second, that prior to the issuance of said writ defendant in error protested against its issuance unless plaintiff in error should first pay all costs accrued against defendant in error; and third, that prior to the issuance of said writ of error plaintiff in error was advised of the amount of costs incurred on behalf of defendant in error, but declined to pay same or any part thereof.

With the motion the following agreed statement of facts, omitting formal commencement and conclusion, showing the status of the matter was filed:

"First: That upon the application of the attorney for the plaintiff in error, and against the protest of the attor-

ney for the defendant in error, the clerk of the Circuit Court of Alachua County, Florida, issued the writ of error in said cause without the payment of costs, or any part thereof, which had accrued on behalf of the defendant in error in and about said suit in the court below up to the time that the said writ of error was prayed, but before suing out the writ of error the plaintiff paid all costs accruing in his behalf. The plaintiff in error refused to pay any costs accruing on behalf of defendant in error upon the theory that a proper construction of the statute did not make the payment of such costs a condition precedent to the issuance of the writ in a case of this character, and that such costs accruing on behalf of the defendant were not taxable costs against the plaintiff as a condition precedent to the issuance of the writ of error.

"Second: That in the event the verdict of the jury and judgment thereon had been wholly in favor of the defendant, and the plaintiff had sued out writ of error, the taxable costs up to the time of the issuance of such writ, and which had accrued on behalf of the defendant would have been as follows:

Per diem and mileage of witnesses on behalf of
    defendant .............................................$149.50
Sheriff's fees incurred on behalf of defendant....    5.00
Clerk's fees incurred on behalf of the defendant.    4.00

    Total...................................................$158.50

"Third: That if the statute in a case of this character requires the prepayment of all costs which accrued up to the time the writ of error was prayed, as a condition precedent to the issuance of such writ, the plaintiff in error was properly chargeable with the said sum of $158.50 as

costs accruing on behalf of the defendant in said cause, if the same constituted taxable costs within the meaning of the statute.

"Fourth: That stipulation agreement is entered into to avoid the necessity of taking evidence in support or denial of the motion of the defendant in error to quash the writ and dismiss the proceedings, and the facts as set forth herein are admitted to be true."

The controlling statute is Section 2908 of the Revised General Statutes, the applicable provision of which is as follows:

"But no writ of error shall be granted to the original plaintiff in any suit unless said plaintiff shall first pay all costs which may have accrued in and about the said suit up to the time when said writ of error shall be prayed." For the purpose of this inquiry it makes no difference that costs which litigants incur as an incident to any litigation are dependent upon statutory authority. The fact remains that, speaking generally, there is statutory authority for the costs which form the basis of this controversy. The only question is whether or not the statute quoted renders payment of all costs incurred in any suit by both parties an essential prerequisite to the granting of a writ of error to the original plaintiff.

In the case under consideration the plaintiff in error was the original plaintiff. He recovered a judgment against the defendant but was not satisfied with the amount of the judgment recovered. Desiring to take writ of error he paid to the clerk of the court the amount of costs properly chargeable to him and demanded the issuance of a writ of error. From the agreed statement of facts it appears that defendant in error, who was the

original defendant, protested against the issuance of the writ of error unless the plaintiff in error should first pay the costs which the defendant had incurred in the litigation up to that time. This protest having gone unheeded and the writ of error having been issued, defendant in error by its motion to dismiss now asserts that by the express provision of the statute a plaintiff in error who was the original plaintiff in the court below is not entitled to a writ of error until he shall have first paid all costs which may have accrued in and about the said suit'' prior to the application for said writ of error, that issuance of the writ of error in this case was therefore without authority and that it should now be quashed and the suit dismissed from this court.

In the oral argument on this motion it was contended on behalf of plaintiff in error that when the statute quoted is considered with other statutes upon the subject of costs generally it may and should be construed as imposing upon an original plaintiff, as a prerequisite to his right to a writ of error, the obligation of paying all costs that have ''accrued'' *against him* as one of the parties to the litigation and not *all costs* that ''have accrued in and about the said suit.'' This position is made apparent by the agreed statement of facts reproduced in this opinion, but we can find no basis for it in the law. The statute in unmistakable language makes the payment of all costs ''that have accrued in and about the said suit'' an indispensable prerequisite to the right to demand a writ of error by the original plaintiff. No definition of the word ''accrued'' found in the books gives any force to this contention. Accrued costs may mean costs which have arisen or accumulated as an incident to the litigation. Generally it means costs which should follow the judgment. No

definition of the word suggests a classification or division of costs as plaintiff's costs and defendant's costs which would justify a construction of the statute giving to the words "all costs which may have accrued in and about the said suit" the meaning of such costs as may have been incurred by plaintiff only. The express language of the statute negatives such idea and forbids the adoption of the construction contended for.

This statute has been the law for many years. Union Bank, etc., v. McBride, 2 Fla. 7; Gordon and Wife v. Camp, 2 Fla. 23. Formerly a plaintiff in error who was the original plaintiff was not only required to first pay all costs which may have accrued in and about the said suit up to the time writ of error was prayed before he was entitled to writ of error, but he was also required to "enter into bond with one or more sureties in a sum sufficient to cover all costs which may accrue in the prosecution of said appeal." Subsequently this latter provision of the statute was abrogated. Wheeler & Wilson Mfg. Co. v. Johns, 37 Fla. 262, 20 South. Rep. 236. But the former provision, that is to say, the provision requiring the original plaintiff in any suit to pay all costs which may have accrued in the suit before he is entitled to a writ of error seems to have been the law continuously since it was originally enacted many years ago. In Gordon and Wife v. Camp, *supra,* this court in speaking of this statute said that its effect was to modify the doctrine under which writs of errors were writ of right, and that after its enactment writs of error were no longer writs of right to original plaintiffs because they were not entitled to demand the issuance of such writs until they had first paid all costs incurred in the court below. The court in the opinion in this case referred to the fact that its opinion in Union Bank etc. v. McBride, *supra,* had not met with the

approval of the bar and for that reason a careful re-examination of the question was made. It was further remarked in the opinion that if the provision of the statute placing upon original plaintiffs the burden of paying all costs which may have accrued in the suit was regarded as unnecessarily burdensome, and therefore unwise, the remedy was with the Legislature and not with the court. More than a half century has elapsed since this construction was given to the statute without any change having been made in its provisions. Considering the fact that when verdict and judgment go against a plaintiff he is required to pay all costs which may have accrued in the case whether he takes writ of error or not, it may not be regarded as a hardship to require him to pay such costs as a condition precedent to his right to proceed in the appellate court with the litigation.

Prior to the repeal of the provision of the statute making the giving of bond by an original plaintiff for the payment of costs which may accrue in the prosecution of a writ of error a prerequisite to the issuance of the writ of error it was held to be proper practice to dismiss the writ of error upon proof that plaintiff in error had failed to comply with this provision of the statute. Brown v. Wheeler & Wilson Mfg. Co., 25 Fla. 361, 5 South. Rep. 673; Savannah, Florida, etc. Ry. Co. v. Clark, 23 Fla. 308, 2 South. Rep. 667; Benbow v. Marquis & Co., 17 Fla. 236

It follows from what has been said that the motion to dismiss should be granted.

Writ of Error dismissed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.