VICTOR R. SMITH, BURGESS SMITH, CARLTON Y. SMITH, T. M. FOSTER AND F. R. CARLTON, CO-PARTNERS DOING BUS-INESS AS FLORIDA SCHOOL BOOK DEPOSITORY, *Plaintiffs in Error*, v. BARNEY DILLARD AND D. H. HENLEY, LATE PARTNERS DOING BUSINESS AS DILLARD-HENLEY DRUG COMPANY, *Defendants in Error*.

Opinion filed November 7, 1922.

1. A writ of error will be dismissed on motion where plaintiff in error was the original plaintiff and had not, previous to suing out writ of error, paid all costs which may have accrued in and about the suit in the court below.

2. The provision of the statute that "no writ of error shall be granted to the original plaintiff in any suit unless said plaintiff shall first pay all costs which may have accrued in and about the said suit up to the time when said writ of error shall be prayed," is for the benefit of the defendant in the trial court and may be waived.

A Writ of Error to the Circuit Court for Lake County, C. O. Andrews, Judge.

On Motion to Dismiss.

Motion Denied.

*Butler & Boyer*, for Plaintiffs in Error;

*J. W. Hunter*, for Defendants in Error.

WEST, J.—This is a motion to dismiss the writ of error. The ground of the motion is that writ of error was illegally issued because the plaintiffs in error, who were the original plaintiffs, had not prior to the issuance of the

writ of error, paid all costs which had accrued in and about the said suit up to that time.

Upon authority of Callison v. A. C. L. R. R. Co., 82 Fla. 516, 90 South. Rep. 619, construing section 2908 of the Revised General Statutes, a writ of error may be dismissed upon the ground stated in this motion.

The writ of error was issued and duly recorded in the minute book of the Circuit Court on the 24th day of July, 1922. It was returnable to this court September 20, 1922. The motion to dismiss was filed in this court on November 1, 1922. From a statement made by the clerk of the Circuit Court from the common law progress docket attached to the motion to dismiss it appears that the accrued costs in the case were paid on September 6, 1922, after the writ of error was issued but fifty-five days before the motion to dismiss was filed in this court.

In Haile v. Mason Hotel and Investment Company, 71 Fla. 469, 71 South. Rep. 540, upon a motion to dismiss this court held: ''The latter provision (of sec. 2908 Rev. Gen. Stat.) is for the benefit of the defendant in the trial court and it may be waived. In this case it was stated at the bar that the costs assessed when the writ of error was issued were paid. Subsequently other costs due in the cause were taxed. The defendant having submitted the cause before making the motion to dismiss has waived his right by not acting promptly. He had notice of the issuance of the writ of error by its record under the statute.'' In that case the motion to dismiss was denied.

The defendants in error, the original defendants, in this case must be held to have had notice of the writ of error since the date of its recordation, July 24, 1922. So far as this record discloses no protest nor objection was

made by them to the issuance of the writ of error. From the date of its issuance and recordation until the date of the filing in this court of the motion to dismiss a period of three months and more elapsed, and in the meantime and something like sixty days before the filing of the motion plaintiffs in error had, if the statement brought here by the movants is true, paid all the costs which had accrued ''in and about the said suit up to the time when said writ of error was prayed,'' and had prior to the filing of the motion, filed in this court a transcript of the record of the proceedings and their brief on the merits. In this situation defendants in error will be held, at the time of filing their motion to dismiss, to have waived any benefits to which they may have been entitled under this statute.

The motion to dismiss is denied.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.