CLARENCE M. BUSCH, BONNIE M. BUSCH, W. RUSSELL OSBORN, as Trustees for use and benefit of parties interested in SOUTH FLORIDA FARMS COMPANY, *Plaintiffs in Error, v.* E. E. GOODNO, *Defendant in Error.*

En Banc.

Opinion filed June 6, 1930.

518

*Leitner & Leitner,* for Plaintiffs in Error;

*Treadwell & Treadwell,* for Defendant in Error.

ELLIS, J.—The South Florida Farms Company, a corporation, began an action of ejectment in DeSoto County against E. E. Goodno. The defendant pleaded the general issue. Upon the creation of Glades County the case was transferred to the latter county.

In April, 1921, the plaintiff corporation was dissolved and by order of court dated September, 1924, the case was revived in the name of Clarence M. Busch, Bonnie M. Busch and W. Russell Osborn, as trustees for the use and benefit of the parties interested in the South Florida Farms Company. In August, 1928, the defendant interposed a plea that he was not in possession of "any part of Fractional Section 28 and 30, Township 42, Range 30, lying north of Caloosahatchee River."

In August, 1928, by some process not disclosed by the record, the case is again entitled South Florida Farms Company, and C. M. Busch, as trustee for C. M. Busch, Bonnie M. Busch and W. R. Osborn, submitted a petition for a change of venue. The petition was denied and in February, 1929, the defendant amended his second plea so as to confine his denial of possession to land lying north of the Caloosahatchee River "as now located and as it was located at the time of the institution of this suit and denies that he claims any title thereto."

There was a verdict and judgment for the defendant. A new trial was denied. In December, 1929, the Buschs and Osborn took a writ of error. The transcript of the record was filed on January 27, 1930.

In February the defendant moved to dismiss because the plaintiffs in error, who were the plaintiffs below, had not paid the costs in the court below nor had they paid it since the issuing of the writ of error. That motion was supported by the certificate of the clerk of the circuit court for Glades County. That certificate set out that the costs assessed against the plaintiff amounted to $52.70 and the clerk had made repeated demands upon the attorneys of record representing the plaintiffs in error and they representing the plaintiffs in error had refused to pay the same. That statement was evidenced by a letter from the attorneys addressed to the clerk dated February 8, 1930, and attached to the certificate.

The letter contained a check for the sum of $16.89 which was stated to be the amount of the clerk's costs. The attorneys, Messrs. Leitner and Leitner, declined to pay the balance. They said that Mr. Goodno owed their client a larger amount which was in the form of a judgment amounting to $224.57, awarded against Goodno in the same case on a former appeal. Messrs. Leitner and Leitner

desired the clerk to collect that judgment, credit Mr. Goodno with the costs assessed, $52.70, and remit to them the balance.

Affidavit by Mr. Treadwell, attorney for Goodno, was also filed in support of his motion to dismiss and an objection to granting the motion was submitted in writing by Messrs. Leitner and Leitner. In that paper was set out specifically the substance of their letter to the clerk. The position is taken that as Goodno incurred a debt to the plaintiff corporation on account of costs in a former appeal the plaintiffs in error as trustees for those interested in the defunct corporation should be permitted to set off that debt against their obligation to pay costs upon suing out this writ of error.

The court granted the motion to dismiss and later denied a petition to reinstate the case although in the petition the attorneys for the plaintiffs in error made the showing that the sum of $52.70 had been deposited with the clerk. That petition was filed on March 15, 1930.

Now an application for a rehearing upon the order refusing to reinstate the cause is before the Court, filed April 14, 1930. While the application is more lengthy in statement it presents no ground for refusal to comply with the requirements of the statute. See Section 4618, Comp. Gen. Laws 1927.

It has been held that the statute is for the benefit of the defendant and may be waived. Haile v. Mason Hotel & Investment Company, 71 Fla. 469, 71 So. R. 540.

But if such provision for the defendant is not waived the payment of the costs by the plaintiff in error, if he be plaintiff below, is an indispensable prerequisite to the plaintiff's right to demand a writ of error, and when this requirement of the statute is not complied with the writ will be dismissed on motion made for that purpose. Calli-

son v. A. C. L. Ry Co., 82 Fla. 516, 90 So. R. 619; Smith v. Dillard, 84 Fla. 516, 94 So. R. 664.

The plaintiffs ask the Court to permit them to offset a claim which is in the form of a judgment, it is true, in favor of the corporation against their obligation to pay the court costs which have accrued. This cannot be considered a payment nor may the court in a collateral investigation of that character adjudicate the plaintiff's right to the benefit of the judgment, nor may it convert the same into a means of payment of the costs required by the statute to be paid.

The petition for rehearing is denied.

WHITFIELD, STRUM, BROWN AND BUFORD, J. J., concur.

TERRELL, C. J., not participating.