WALKER-SKAGSETH FOOD STORES, INC., a Florida corporation, v. NATIONAL SURETY CORPORATION, a corporation.

3 So. (2nd) 756

Division B

Opinion Filed September 16, 1941

Rehearing Denied October 3, 1941

*McKay, Dixon & DeJarnette,* for Petitioner.

*Loftin, Calkins, Anderson & Scott,* for Respondent.

PER CURIAM.—Petitioner seeks to have reviewed and quashed a judgment of the Circuit Court of Dade County dismissing a writ of error prosecuted to it from the Civil Court of Record because of failure of petitioner to pay costs which had accrued in the cause as required by the statute.

The statute, Sec. 4618, Comp. Gen. Laws of 1927, requires that the accrued costs be paid before the writ of error is granted, but it is not made a jurisdictional prerequisite to granting the writ of error. Sec. 5168, (3) and (11) Perm. Supp., Comp. Gen. Laws of 1927, relating to writs of error from the Civil Courts of Record to the Circuit Courts in appropriate language adopts the provisions of Sec. 4618, Comp. Gen. Laws of 1927, with reference to costs.

In Haile v. Mason Hotel and Investment Company, 71 Fla. 469, 71 So. 540, this Court held that the

statute requiring all accrued costs to be paid before taking a writ of error was for the benefit of the defendant and might be waived but if not done, it was an indispensible prerequisite to the right to demand a writ of error and when not complied with, the writ of error may be dismissed.

In this case, it appears that all costs were paid when the writ of error was sued out except such as were assessed in the final judgment and this was paid before the motion to dismiss was considered. It furthur appears that counsel for defendant signed a stipulation with reference to preparation of the bill of exceptions and did not move to dismiss for forty-seven days after the writ of error was sued out. For these reasons, we think it was error to dismiss the writ of error.

The writ of certiorari is accordingly granted and the judgment of the Circuit Court is quashed.

It is so ordered.

BROWN, C. J., TERRELL, CHAPMAN, and THOMAS, J. J., concur.