**CORA AKINS, G. W. BETHEA, OPAL KNOWLES, and EULA WILDER v. L. B. BETHEA and THE PERRY BAKING COMPANY**

33 So. (2nd) 638
January 27, 1948

January Term, 1948
Division A

*David Lanier* and *T. J. Swanson,* for appellants.

*Davis, Davis & McClure, Charles E. Davis* and *Declan O'Grady,* for appellees.

SEBRING, J.:

Cora Akins, G. W. Bethea, Opal Knowles, and Eula Wilder instituted a suit in equity against L. B. Bethea and The Perry Banking Company to set aside several property conveyances alleged to have been made by J. J. Bethea to L. B. Bethea as the result of undue influence exerted over the grantor in the conveyances. At final hearing the chancellor granted the relief sought as to one of the conveyances, denied relief as to the remainder, and adjudicated that "The costs of this suit are taxed against the defendants the same to be caluculated by the clerk of this Court."

The plaintiffs entered an appeal from the decree, for the purpose of procuring appellate review of that portion of the decree which denied them relief as to all of the conveyances brought in question. Subsequently, the defendant, L. B. Bethea, filed a motion to dismiss the appeal on the ground that "at the time of taking such appeal the said original plaintiffs had not paid all costs that had accrued in or about said suit up to the time the appeal was taken." It is urged that the failure of the plaintiffs in this particular is violative of section 9 of chapter 22854, Laws of Florida, 1945, and warrants the dismissal of the appeal for failure to comply with conditions precedent.

Chapter 22854, Laws of Florida, 1945 was enacted for the purpose of consolidating, revising and amending chapters 59 and 67 of the Florida Statutes 1941, relating to appellate proceedings generally, to the end that conflicts between statutes and subsequent Supreme Court rules on the subject should be rectified and that a uniform procedure should prevail for obtaining reviews by appellate tribunals of inferior court judgments and decrees, except where otherwise expressly provided by statute. With this salutary purpose in view, the

legislature consolidated, renumbered and amended chapters 59 and 67 of the Florida Statutes, 1941; abolished the distinction between writs of error and appeal; abrogated those provisions of law relating to bills of exceptions; and enacted other features within the framework of chapter 22854, supra, designed to insure uniformity and simplicity of appellate procedure.

In respect to the payment of costs, the legislature amended section 59.09, Florida Statutes, 1941, which theretofore had applied only to appeals in actions at law, and provided that "No appeal may be taken by the original plaintiff in any suit or proceeding until he shall pay all costs which have accrued, in or about the suit, up to the time the appeal is taken." See section 9, chapter 22854, Laws of Florida, 1945. The question presently before us on the motion to dismiss the appeal is whether, and to what extent if any, section 9 of the 1945 act was meant to be binding upon an original plaintiff in an equity suit in which a portion of the relief sought is denied, *where the costs of suit have been taxed by the chancellor against a defendant who has succeeded in defeating at least a part of the relief sought in the bill filed by the original plaintiff.*

Since territorial days it has been the statutory requirement in this jurisdiction that the payment of costs by an original plaintiff in a common law proceeding is a condition precedent to his suing out of a writ of error to an adverse judgment. See Union Bank of Florida v. McBride, 2 Fla. 23; Callison v. A.C.L. Ry. Co., 82 Fla. 516, 90 So. 619; Busch v. Goodno, 99 Fla. 517, 128 So. 825; Walker v. City of Jacksonville, 154 Fla. 893, 19 So. (2nd) 372. But such has never been the statutory requirement in respect to appeals in chancery; unless it be that section 9 of chapter 22854, Laws of Florida 1945 now makes such action necessary. See Williams v. Hilton, 25 Fla. 608, 6 So. 452.

It has long been a fundamental rule of equity jurisprudence that in a chancery cause costs should be awarded as the justice of the case may require. Wilhelm v. Adams, 102 Fla. 669, 136 So. 397; News Journal Corporation v. Gore, 147 Fla.

217, 2 So. (2nd) 741. Accordingly, a court of equity, in the exercise of a sound judicial discretion, may decree that the costs shall follow the result of the suit; may apportion the costs between both parties; or may require that all costs shall be paid by the prevailing party. In either situation, an appellate court will not disturb the ruling of the chancellor, unless a clear abuse of discretion is made to appear.

As equally well-settled as the rule with reference to costs in an equity proceeding in the rule that a party may not appeal from a judgment or decree in his favor, unless irregularities have intervened rendering the decree invalid or nugatory, or unless the court, without his consent, has committed error prejudicial to him of such nature that he has sustained injury thereby. See Lovett v. Lovett, 93 Fla. 611, 112 So. 768.

It must be assumed that these rules of law were known to the Legislature at the time it enacted section 9 of chapter 22854, supra; for every citizen is charged with knowledge of the domestic law of his jurisdiction. This being the case, we cannot ascribe to the legislature an intent to depart so far from those well-established principles as to require an original plaintiff in an equity suit *to pay costs taxed against the adverse party* as a condition precedent to taking an appeal, thus requiring him to surrender, in effect at least, that portion of the decree rendered in his favor by the chancellor in the exercise of a sound judicial discretion, for the privilege of securing an appellate review of the remaining portions of the decree which mitigates against him. Had the law-making body intended such a result, we think it quite plain that clearer and more explicit language would have been employed in the statute revealing such intent and describing the method by which the accrued costs taxed by the chancellor against parties other than the original plaintiff should be discharged as a necessary condition to an appeal taken by him.

Our conclusion is, therefore, that while in the passage of section 9 of chapter 22854, Laws of Florida, 1945, the legislature may have intended that as a condition precedent to taking an appeal in an equity suit an original plaintiff should be required to pay all costs that had accrued in and about the

suit up to the time the appeal was taken, and which had been taxed against him by the chancellor, or which by law he was required to pay, it was not the legislative intent that as a condition precedent an original plaintiff in an equity suit should be required to pay costs taxed by the chancellor *against his adversaries in the proceeding.*

It follows from the conclusions reached that the motion to dismiss the appeal upon the ground stated should be denied.

It is so ordered.

THOMAS, C. J., TERRELL and CHAPMAN, JJ., concur.