SEBRING, Justice.
Frank Martin sued Emilie Hale in the Civil Court of Record for Dade County, Florida, and a judgment was entered in favor of the defendant. The plaintiff appealed the judgment to the Circuit Court for Dade County but failed to pay the costs specifically assessed against him in the lower courty as a condition precedent to the appeal. The appellee moved to dismiss the appeal on the ground that the appellant had failed to pay the costs which had been duly assessed against him in the suit in the court below. The Circuit Court denied the motion and allowed the plaintiff to pay the costs of original suit more than a month after the appeal had been taken. In this certiorari proceeding we are asked to determine whether or not section 59.09, Flor *280 ida Statutes 1951, F.S.A., requiring ,tlie payment of costs by an original plaintiff as a condition precedent to appeal, is applicable to appeals to the 'Circuit Court from the Civil Court of Record of Dade County.
Under the decisions of -this Court it is held that the requirement that the original plaintiff pay costs duly assessed against him, as- a condition precedent to taking, an appeal to this Court from an adverse judgment or decree, is a jurisdiction^ al requirement when the, costs are specifically taxed in an amount certain and the original plaintiff has not assigned as error the taxation of costs and superseded their taxation. Walker v. City of Jacksonville, 154 Fla. 893, 19 So.2d 372, and cases cited.
If we are informed correctly, the Civil Court of Record of Dade County was organized and established pursuant to the provisions 'of Chapter 33, Florida Statutes 1951, F.S.A. Section 33.11(1), Florida Statutes 1951, F.S.A., provides that “The circuit court of the county wherein any such civil court of record shall be established, shall have appellate jurisdiction to review judgments or orders of such civil court of record in the same manner and with like powers as the supreme court shall have jurisdiction to review in like actions the judgments and orders of such circuit court * * *.”
Inasmuch as the Circuit Court for Dade County, when sitting as an appellate court in the consideration of appeals from the Civil Court of Dade County, may exercise jurisdiction only “in the same manner and with like powers” as the Supreme Court may -exercise its jurisdiction in appeals from circuit court judgments or decrees, we have the view that the provisions of section 59.09, Florida Statutes 1951, F. S.A., apply to appeals from thé Civil Court of Re'cord of Dade County to the Circuit Court for Dade County to the same extent and in like manner as the statute applies to appeals brought here1 from circuit court orders, judgments and decrees.'
Accordingly, the order brought here for review should be quashed with directions that an order be entered in the Circuit Court in conformance with the views expressed in this opinion.
It is so ordered.
ROBERTS, C. J., and MATHEWS and DREW, JJ., concur.