SEBRING, Justice.
Elsa Berg, the plaintiff below, appealed from a final decree entered in favor of the defendant. After the appeal was taken the defendant filed its motion to dismiss the appeal on the ground that the plaintiff had not paid the costs duly assessed in the lower court, as a condition precedent to taking the appeal. On hearing, the motion to dismiss was denied and an order was entered accordingly. Subsequently, a petition for rehearing was granted and the matter is now before the court on rehearing granted.
We find no error in our previous ruling in the cause. Section 59.09, Florida Statutes 1953, F.S.A., provides that “No appeal may be taken by the original plaintiff in any suit or proceeding until he shall pay all costs which have accrued, in or about the suit, up to the time the appeal is taken.” It is settled by our decisions that this provision of the statute “is for the benefit of the defendant and may be waived.” Busch v. Goodno, 99 Fla. 517, 128 So. 825, 826; Haile v. Mason Hotel & Investment Company, 71 Fla. 469, 71 So. 540. While it is true that in Hale v. Martin, Fla., 76 So.2d 279, 280, this Court stated, with respect to the provisions of the above statute, that “the requirement that the original plaintiff pay costs duly assessed against him, as a condition precedent to taking an appeal * * * from an adverse judgment or decree, is a jurisdictional requirement when the costs are specifically taxed in an amount certain * * *631 (emphasis supplied), it is plain to the court, after a reconsideration of all the cases on the point, that the phrase “jurisdictional requirement” was too loosely used with respect to the issue then before the court for decision. Walker-Skagseth Food Stores, Inc., v. National Surety Corporation, 148 Fla. 161, 3 So.2d 756.
In the instant case, the notice of appeal, the assignments of error, and the appellant’s directions to the clerk for making up the transcript of record, were filed on January 17, 1955. On January 26, 1955, the .appellee filed directions to the clerk for the inclusion of additional matter in the transcript. The transcript Of record was ■filed in this Court on March 25, 1955; and, ■since the appellee has not contended to the •contrary, we assume that a copy of the transcript was served on the appellee at about the same date.
The rule applicable to appeals at the time the notice of appeal was filed provided that “Every motion on behalf of an ap-pellee to quash or dismiss an appeal * * must be filed and a copy thereof served upon the opposite party within ten * * * •days after receipt of copy of the record on appeal by appellee * * 30 F.S.A. Rule 4(a), Rules Supreme Court of Florida. Yet the record discloses that after the transcript was filed, the appellee stipulated with the appellant on two different •occasions — April 13, 1955, and May 19, 1955 — that she might have additional time ■within which to file her main brief. On June 10, 1955, the appellant tendered to the appellee a check for the payment of costs, which was refused by the appellee on June 13, 1955. It was not until June 14, 1955, more than 80 days after the transcript was filed, that the appellee filed its motion to •dismiss the appeal for failure of the appellant to pay the costs that had been duly taxed against her in the court below.
Under these circumstances we are •of the opinion that the appellee has waived its right to insist that the appeal should be dismissed because of the failure of the appellant to comply strictly with the terms and provisions of section 59.09, Florida Statutes 1953, F.S.A.
Having reached this conclusion, it follows that we should adhere to our former order denying the motion of the appellee to dismiss the appeal, and it is so ordered.
DREW, C. J., and TERRELL and ROBERTS, JJ.,'concur.