DREW, Justice.
A motion has been duly made .in this cause to dismiss this appeal because the plaintiff in the court below, the appellant here, has failed to pay the costs that accrued in and about the suit up until the time the appeal was taken and which have been specifically taxed against him.
A certified copy of the decree before us provides “The costs of this cause be and they are hereby taxed against the plaintiff in the sum of $1750.75, representing the Special Master’s fee in the amount heretofore fixed and the Court Reporters’ charges for attendance and preparation of the original record of $560.-50, which costs the plaintiff is hereby directed to pay forthwith(Emphasis supplied.)
*72 Beginning as early as 1832 and extending without interruption to modem times, the statutes of this State have provided that “No writ of error shall be granted to the original plaintiff in any suit unless said plaintiff shall first pay all costs which may have accrued in and about the said suit up to the time when said writ of error shall be prayed.” For the history and source of this act, see notes following Sec. 59.09, F.S.A. As long as the above quoted statute was in effect, this Court in numerous instances dismissed writs of error where it was made to appear by timely motion that the provision of such statute had not been complied with. A list of these cases is readily available in the an- ■ notations following Sec. 59.09, F.S.A. and a further citation here would serve no useful purpose. In 1945 the original act ■was amended to provide “No appeal may be taken by the original plaintiff in any ■suit or proceeding until he shall pay all costs which have accrued, in or about the suit, up to the time the appeal is taken.” Ch. 22854, Sec. 9, Laws of Florida 1945. Since the amendment to the act in 1945, we have construed it to apply to all appeals taken to this Court whether chancery or common law and even to appeals taken to the circuit court from courts over which such circuit courts have appellate jurisdiction. As to the latter proposition, see Hale v. Martin, Fla.1954, 76 So.2d 279. As to the former, see the annotation following Sec. 59.09, F.S.A. 1955 Cumulative Animal Pocket Parts.
 Realizing the hardship that the enforcement of this statute sometimes imposed upon original plaintiffs in appeals and in order to ease the burden on the original plaintiff and make a review possible without the prepayment of costs, when the new rules were adopted by this Court, effective March 15, 1955, 31 F.S.A., we included therein Rule 29 which tracked Sec. 59.09, Florida Statutes 1953, F.S.A., but added a proviso in which it was stated “provided, that nothing contained herein shall require the prepayment of costs by the original plaintiff when he has assigned as error the taxation of costs and has superseded the order, judgment or decree specifically taxing the same.” We have consistently held that this statute is for the benefit of the defendant and a compliance with it may be waived by him. See Berg v. New York Life Ins. Co., Fla.1955, 81 So.2d 630. Payment is not a jurisdictional prerequisite. Berg v. New York Life, supra. It may well be that in this case the enforcement of the provisions of the statute and our Rule 29 in which we greatly liberalized the statute for the protection of the original plaintiff may work a hardship on the original plaintiff in this case but there is nothing that we can do about it. A simple reading of the rules of this Court and the statute and the numerous cases construing the statute and this rule would have prevented the situation in which the plaintiff now finds himself enmeshed. He did not assign as error the taxation of the costs as authorized by the rule and supersede the same. He admittedly did not pay the costs which were specifically taxed against him in the final decree.
So far as the appellee is concerned, there is nothing in this record upon which we could support a statement or reach the conclusion that the requirements of the statute and rule have been waived. The costs were assessed in the final decree of 9 November 1956. On 21 December 1956 the plaintiff filed his notice of appeal. On 31 December 1956 plaintiff filed his assignments of error and while the rule of this Court, 39, subd. 1, allows appellee until the day he is required to file his brief to file a motion (which in this case would be 20 March 1957), appellee filed his motion to dismiss on the grounds above stated on 10 January 1957.
We have no alternative except to grant the motion to dismiss the appeal and it is so ordered.
TERRELL, C. J., and ROBERTS and O’CONNELL, JJ., concur.