CARROLL, CHAS., Chief Judge.
This is an application for a writ of certi-orari to review an order of the Circuit Court of Dade County denying a motion to dismiss an appeal.
The initial proceeding was in the Civil Court of Record where a judgment which *637 was rendered in favor of a defendant included judgment for $152 costs against the plaintiff.
The plaintiff appealed to the Circuit Court, without first paying such costs. He did not assign as error the adjudging of the costs against him by the lower court.
The original defendant as the appellee in the Circuit Court moved to dismiss the appeal, for the failure of plaintiff to pay costs prior to the taking of such appeal as' required by Section 59.09, Fla.Stat., F.S.A., and Supreme Court Rule 29, 31 F.S.A.
The Circuit Court denied the motion to dismiss the appeal, and allowed the appellant ten days within which to pay such costs.
The provision of the above cited statute and rule for prepayment of such costs is mandatory, and where the statute is not complied with and timely motion is made the court is without discretion and must dismiss the appeal. Walker v. City of Jacksonville, 154 Fla. 893, 19 So.2d. 372. See also, MacNeill v. Marks, Fla.1952, 61 So.2d 648, 649, and cases cited there.
However, the right of the appellee to a dismissal may be waived. The notice of appeal to the Circuit Court was filed on January 4, 1957. The motion to dismiss in that court was not filed until almost ten months later, on September 30, 1957. ' In the argument before this court it was brought out and conceded that during such interval the appellee had entered into stipulations for six or seven extensions of time for the filing of appellant’s brief in the Circuit Court. The brief of appellant was filed later, pursuant to such stipulations. Thereafter appellee obtained a stipulation extending the time in which ap-pellee could file a brief. Only then did the appellee file his motion to dismiss the appeal.
That conduct on the part of the appellee in the Circuit Court amounted to a waiver of his right to insist on the dismissal of the appeal for nonpayment of the costs. Haile v. Mason Hotel & Investment Co., 71 Fla. 469, 71 So. 540; Smith v. Dillard, 84 Fla. 516, 94 So. 664; Berg v. New York Life Insurance Company, Fla.1955, 81 So. 2d 630. See also, MacNeill v. Marks, supra.
It follows that the petitioner has not shown that the Circuit Court failed to follow essential requirements of law in making the order denying appellee’s motion to dismiss the appeal in that court. Whereupon the petition for certiorari before this court is denied.
HORTON and PEARSON, JJ., concur.