PER CURIAM.
Appellees moved to dismiss the appeal for failure of appellants, who were the plaintiffs below, to pay the adjudicated costs prior to the filing of the appeal, as required by Section 59.09, Fla.Stat., F.S.A.
The notice of appeal was filed December 4, 1957, directed to a summary final decree of the Circuit Court of Dade County, rendered October 24, 1957. Approximately a month after the date of the final decree a hearing was had on defendants’ motion for a judgment for costs, and after holding the matter under advisement for several days, the court entered the judgment for costs on November 26, 1957, which was filed on November 27, and recorded on November 29. The period for appeal from the October 24 decree was not to expire until December 23. However, the notice of appeal was filed on December 4 by the original plaintiffs, without first paying the cost judgment.
Appellees filed their motion to dismiss the appeal on December 24, 1957, just after the appeal period had expired, but the motion was timely, and there are no facts upon which it could be found that appellees had waived the point.
Appellants argued that the motion should not be granted because they had no actual knowledge that the cost judgment had been entered before the notice of appeal was filed, and that they did not receive a copy of the cost judgment as made and entered by the circuit court. Those excuses *715 cannot remove the effect of the statute requiring the payment of such costs.
When a motion for costs was heard and taken under advisement by the court, and a cost judgment then entered, filed and recorded, such information was available on the record, and counsel is charged with knowledge as to the record status of the case at the time of the filing of the appeal.
Under the circumstances this court is without discretion, and must grant the motion, on authority of Walker v. City of Jacksonville, 154 Fla. 893, 19 So.2d 372. See also, Haile v. Mason Hotel & Investment Co., 71 Fla. 469, 71 So. 540; Berg v. New York Life Insurance Company, Fla. 1955, 81 So.2d 630; Funke v. Federal Trust Company, Fla.App.1957, 99 So.2d 636.
The appeal is hereby dismissed.
CARROLL, CHAS., C. J., and HORTON and PEARSON, JJ., concur.