PER CURIAM.
We are confronted with appellee’s motion to dismiss this appeal because of the failure of appellant, the original plaintiff below, to comply with Florida Appellate Rule 3.2(f), 31 F.S.A., and Section 59.09, Florida Statutes, F.S.A. The rule, which has superseded the statute, provides:
“(f) Payment of Costs by Original Plaintiff. No appeal may be taken by the original plaintiff in any suit or proceeding until he shall have first paid all costs that have accrued in or about the suit, and have been specifically taxed against him, up to the time the appea.1 is taken; provided, that nothing contained herein shall .require the prepayment of costs by the original plaintiff when he has assigned as error the taxation of costs and has superseded the order, judgment or decree specifically taxing the same.”
Conforming in part to the rule, the appellant assigned as error, inter alia, the taxing of $116 costs against the appellant- *721 plaintiff and entry of final judgment in favor of the appellee-defendant for that amount.
While appellant did not pay said judgment or supersede it prior to filing notice of appeal and assignments of error, he subsequently, without notice to appellee, procured an order of the trial court granting supersedeas and in accordance therewith posted a supersedeas bond of $125.
On January 6, 1960, appellant served on counsel for appellee a copy of his brief on this appeal, from which it was first made to appear that appellant had abandoned the mentioned assignment of error. Thereupon appellee moved to dismiss the appeal, his main contention being that such procedure on appellant’s part violates the fundamental purpose, as well as the spirit of the rule. With this we agree.
While the statute (F.S. § 59.09, F.S.A.) no longer governs, during its operation it was held that in the absence of waiver by defendant the original plaintiff was required to pay all costs “which may have accrued in and about the said suit” as an indispensable prerequisite to appeal. Callison v. Atlantic Coast Line R. Co., 82 Fla. 516, 90 So. 619; Smith v. Dillard, 84 Fla. 516, 94 So. 664; Busch v. Goodno, 99 Fla. 517, 128 So. 825. We recognize that under the statute payment of costs was not a jurisdictional prerequisite (Walker-Skagseth Food Stores v. National Surety Corporation, 148 Fla. 161, 3 So.2d 756) nor do we think such is the case under the rule. We are also aware of and do not depart from the case law holding that the defendant may waive the requirement cast on the original plaintiff under the rule, or by his conduct become estopped to insist on the rule.
A rule of procedure superseding and liberalizing the procedure under a statute which would otherwise govern, should be strictly construed against a greater liberality than as specifically expressed by the rule. The subject rule should be extended no further than to permit the original plaintiff to appeal without paying costs in those instances where “he has assigned as error the taxation of costs and has superseded the order, judgment or decree specifically taxing the same.”
The appellee in this cause is presumed to have acted on the assumption that appellant, who complied with the procedural requirements permitting the appeal, in good faith intended to present to the appellate court a very real question for determination involving the propriety of the costs judgment herein. This court can and does also indulge that presumption without effect upon its disposition of the motion to dismiss the appeal. We are not called on to probe the motives of the situation. In final analysis, we find that although stipulations were entered benefiting both parties, for extension of time to prepare briefs, it was not until appellant filed his brief that it was made known to appellee that the critical assignment of error involving the judgment for costs had been abandoned. Under those facts no waiver or estoppel can be charged against appellee by reason of such stipulations, such as would counteract the timely motion to dismiss.
If the subject rule has any efficient purpose or meaning, it is to preserve to the original plaintiff a reasonable basis by which he can protect his rights pending the event of an appeal presenting for review a bona fide question involving the imposition of costs; and it is implicit that he will present the question for determination on the appeal. Having by his brief failed entirely to argue the mentioned assignment of error, it is deemed to be waived. Considering the appeal in the light of that development, the assignment of error by which the subject might have been presented and all procedures designed to effect that apparently initial but subsequently abandoned purpose must be treated as of no effect ab initio. Under such circumstances failure to pay the judgment for costs prior to appeal is determinative of the right to appeal. Conse *722 quently, the motion to dismiss must be and it is hereby granted.
Appeal dismissed.
WIGGINTON, C. J., STURGIS, J., and LEWIS, E. CLAY, Associate Judge, concur.