PER CURIAM.
This appeal is from a summary final judgment in favor of appellee in which the costs incurred by the latter were specifically taxed against appellant. Appellant did not assign the taxation of costs as error. Promptly after the filing of appellant’s assignments of error appellee moved to dismiss the appeal for failure to pay the costs taxed in the trial court as re *576 quired by the rule.[1] After appellee’s motion to dismiss was set for.argument before this court, appellant deposited in the registry of the trial court a sum sufficient to pay the costs taxed against her. By administrative order this court denied ap-pellee’s motion to dismiss the appeal for the reason that the costs taxed against appellant in the trial court had been paid.
On petition for rehearing we have reconsidered the rule of law applicable to the motion filed by appellee to dismiss this appeal and have concluded that our order of denial was erroneous.
The rule under consideration specifically provides that no appeal may be taken by the original plaintiff in any suit or proceeding until he shall have first paid all costs that have accrued in or about the suit and have been specifically taxed against him up to the time the appeal is taken. We are not concerned with the proviso contained in the rule which relieves payment of costs since the taxation of costs was not assigned as error by appellant, nor was the judgment superseded. The appellate courts of this state have held in various opinions relating to this subject that the payment of costs taxed against him by an original plaintiff before taking an appeal from the judgment rendered against him is a condition precedent to the appeal and is imperatively required by the statute[2]; that the payment of such costs is an indispensable prerequisite to the right to demand a review by appeal[3]; and that compliance with the rule with respect to payment of costs is mandatory.[4] In requiring compliance with the rule this court has no discretion.[5] Payment of or offer to pay the costs by appellant after the appeal is taken will not excuse the default, nor be sufficient authority to deny a motion to dismiss the appeal based upon the ground of failure to comply with the rule.8 The only circumstances under which an appellate court is authorized to deny a motion to dismiss an appeal for non-compliance with the rule regarding payment of costs by the original plaintiff in the trial court is in those instances where appellee has waived its right to insist upon this ground of failure to comply with the rule.[6] tion of waiver is not present in the case we now review.
Although enforcement of the rule regarding the payment of costs before appeal is indeed a harsh one, any relief against supposed inequities which may result therefrom must come from an amendment to the rule and not by the process of judicial benevolences. Under the foregoing decisions we have no discretion in the *577 matter and are compelled to enforce the mandatory requirements of the rule as it is written.
The order of this court denying appellee’s motion to dismiss, entered herein on September 8, 1961, is withdrawn, set aside and held for naught. An appropriate order will be entered dismissing the appeal.
CARROLL, DONALD K., Chief Judge, and WIGGINGTON and RAWLS, JJ., concur.

. “Payment of Costs by Original Plaintiff. No appeal may be taken by the original plaintiff in any suit or proceeding until he shall have first paid all costs that have accrued in or about the suit, and have been specifically taxed against him, up to the time the appeal is taken; provided, that nothing contained herein shall require the prepayment of costs by the original plaintiff when he has assigned as error the taxation of costs and has superseded the order, judgment or decree specifically taxing the same.” Rule 3.2, subd. f, F.A.R., 31 F.S.A.

. Akins et al. v. Bethea et al., 160 Fla. 99, 33 So.2d 638; Gordon and wife v. Camp, 2 Fla. 23; Union Bank of Florida, etc. v. McBride, 2 Fla. 7.

. MacNeill v. Marks et ux., Fla.1952, 61 Sc.2d 648; Walker-Skagseth Food Stores, Inc. v. National Surety Corp., 148 Fla. 161, 3 So.2d 756; Callison v. Atlantic Coast Line Railroad Co., 82 Fla. 516, 90 So. 619.

. Funke v. Federal Trust Co., Fla.App. 1958, 99 So.2d 636; Walker v. City of Jacksonville, 154 Fla. 893, 19 So.2d 372.

. Bredin v. Bredin, Fla.1959, 111 So.2d 265; Spector v. Ahrenholz, Fla.App.1958, 99 So.2d 714; O’Connell v. Mason, Fla. 1957, 93 So.2d 71.

. Hale v. Martin, Fla.1954, 76 So.2d 279; Busch v. Goodno, 99 Fla. 517, 128 So. 825.

. Walker-Skagseth Food Stores, Inc. v. National Surety Corp., see footnote 3; Smith et al. v. Dillard et al., 84 Fla. 516, 94 So. 664; Haile v. Mason Hotel and Inv. Co., 71 Fla. 469, 71 So. 540.