ROBERTS, Justice.
Petitioner, Thomas P. Nolan, the original plaintiff in the trial court, sued the respondent, Ira L. Eshleman, for a real estate commission, and the jury returned a verdict in his favor in the amount of $10,000.00. Thereafter the court granted a post-trial motion for directed verdict and entered judgment in favor of the respondent (defendant), taxing costs against the petitioner (plaintiff), who timely appealed to the District Court, filing notice of appeal, acknowledgment of a copy of the transcript, designation to the reporter, directions to the clerk and assignments of error. Ten days after the filing of the assignment of errors, one of which was that the court erred in charging costs to the plaintiff, the respondent moved to dismiss the appeal on the grounds that petitioner had not yet paid the costs assessed below nor superseded the judgment. The appellate court granted the motion to dismiss, adopting the majority opinion of Abrahams v. Mimosa Company (Fla.App.1965), 174 So.2d 82, which held, inter alia, “the time for filing a supersedeas bond, in connection with an assignment of error directed to a cost judgment is within the time provided by the rules of order of court providing for the filing of an assignment of error.” The court applying F.A.R. 3.2 (f), 31 F.S.A., thus held that the original plaintiff had but 10 days to supersede rather than 110 days as provided in Rule 5.5 and 3.6(j) (1).
The cause was certified to this court as a case passing upon a question of great public interest pertaining to the time when an original plaintiff must post a bond superseding a cost judgment.
We feel and so hold that F.A.R. Commencement of Proceedings § 3.2(f) does not require supersedeas to be perfected in less time than allowed by F.A.R. Motion and Order for Supersedeas to Stay Final Judgment § 5.5. It appears clear to us that any other determination would require an “interpretation” of the appellate rules and, although F.A.R. 3.2(f) is ambiguous, the rules that control supersedeas, F.A.R. 5.5 and 3.6(j) (1), are not. Payment of costs is not a “jurisdictional prerequisite” and therefore subject to waiver, and although payment at the appropriate time is necessary, appellants should be. allowed the longest time available to them under the rules of procedure lest they lose the review of their cause through a technical construction without a determination on the merits. Compare Walker-Skagseth Food Stores, Inc. v. National Surety Corporation (1941), 148 Fla. 161, 3 So.2d 756; City of Miami v. Murphy (Fla.1962), 137 So.2d 825. See also In re Jaeckel’s Estate (Fla.1957), 92 So.2d 633, where this court, in construing Florida Supreme Court Rules, Rule 19(5), F.S.1955, stated
“In our view Rule 19(5) is generally applicable to all classes of appealable judgments, and decrees * * * the granting or denial of supersedeas rests *207 in the discretion of the court from whose judgment the appeal is taken and may he granted any time before the record on appeal is lodged in this Court.”
We think, therefore, that appellants should be entitled to rely on the Rules as they read and that the construction of the District Court is a departure from the appellate rules.
Accordingly, the decision of the District Court is quashed and the cause remanded with directions to reinstate the appeal and otherwise proceed in a manner not inconsistent with this opinion.
It is so ordered.
THORNAL, C. J., and THOMAS, CALDWELL and ERVIN, JJ., concur.