ERVIN, Justice
(concurring specially with opinion) :
I concur in the per curiam denial of cer-tiorari.
Petitioner Nora L. Bush seeks a review by certiorari of an order of the District Court of Appeal, 2nd District, refusing to dismiss an appeal of Adrian Youngblood and Juanita Youngblood. Petitioner, as appellee, had moved for dismissal pursuant to Rule 3.2(f), Florida Appellate Rules, 31 F.S.A., because costs of $158.50 were taxed in favor of Petitioner and against appellants on July 21, 1965, more than one month before appellants filed notice of appeal. Appellants filed their notice of appeal September 15, 1965 without having paid said costs or assigning as error the taxation of costs and superseding the order.
Petitioner was defendant in the circuit court and appellee in the District Court. The original plaintiffs in the circuit court were Sheri Youngblood, joined by her next friend and father, Adrian Youngblood and Juanita Youngblood, his wife. In the circuit court a jury verdict was rendered in favor of Sheri Youngblood for $500.00, but at the same time the jury found against Adrian Youngblood and Juanita Young-blood.
*560 ■ On December 10, 1965 Petitioner filed motion to dismiss the appeal. Three days later the two appellants, Adrian and Juanita Youngblood, tendered a check in the amount of $158.50 for the costs, but Petitioner refused the check.
Petitioner contends the refusal of the District Court of Appeal to dismiss the appeal conflicts with Ogier v. John H. Swisher & Sons, Inc. (Fla.App.), 133 So.2d 575, and City of Miami v. Murphy (Fla.), 137 So.2d 825.
Rule 3.2(f), Florida Appellate Rules, provides :
“Payment of Costs.by Original Plaintiff. No appeal may be taken by the original plaintiff in any suit or proceeding until he shall have first paid all costs that have accrued in and about the suit, and have been specifically taxed against him, up to the time the appeal is taken; provided, that nothing contained herein shall require the prepayment of costs by the original plaintiff when he has assigned as error the taxation of costs and has superseded the order, judgment or decree specifically taxing the same; provided further, that in those instances where the costs are not settled until after the notice of appeal is filed, the party obligated shall be required to pay the same within ten (10) days upon written demand, otherwise said appeal shall be dismissed upon motion. ‘ * * * ” (Note, in regard to Rule 3.2(f), F.A.R., Nolan v. Eshleman, 183 Só.2d 205.)
See, also, Section 59.09, Florida Statutes.
It is true the two decisions relied upon by the Petitioner stand for the general proposition for which they are submitted, viz., that accrued costs which have been taxed against a plaintiff must have been paid or superseded prior to his taking an appeal; otherwise his appeal will be dismissed. However, the rule contains a final proviso that where costs are not settled in the case until after the notice of appeal, the party obligated shall be required to pay the same within ten days upon written demand, otherwise the appeal will be dismissed upon motion.
In this case costs had been taxed in favor of Petitioner (appellee) against Adrian and Juanita Youngblood, appellants, more than one month before the latter filed their notice of appeal. However, as to Sheri Youngblood, one of the plaintiffs who had recovered judgment of $500.00 against Petitioner, no costs in her favor had been taxed although she had filed motion for the taxing of same. The record is silent as to the disposition of her motion.
Thus it is clear all of the costs of the case have not been settled since those in favor of Sheri Youngblood have not been taxed. I think said proviso has reference to settlement of the entire costs in this particular case and until they are fully determined and taxed the appeal should not be dismissed. It is possible the amount of $158.50 taxed in favor of Petitioner against appellants would have been modified or reduced if Sheri Youngblood’s motion had been duly heard and the amount of costs in respect to her winning interest in the case had been taxed against Petitioner, the defendant below. It will be recalled Sheri Youngblood was the principal plaintiff in the case, being joined by her parents in order to assert her cause of action. The record reflects Sheri Youngblood’s cost bill and motion to tax costs which was never acted upon sought a total of $130.90. Her parents, who had joined her in the suit in order that she might sue, unquestionably had an interest in the amount of costs she was entitled to recover.
It follows that under these particular facts all costs in the case had not been settled with finality as among the interested parties. Therefore, I do not believe the District Court of Appeal erred in refusing to dismiss the appeal while there remained unsettled after the notice of appeal was filed some of the costs of the case which when settled might affect the costs already taxed against the appellants.
*561 While for the particular reasons indicated this appeal should not be dismissed, in passing I point out that in recent months in other situations relating to the question of appeal dismissals our Court has refused to dismiss appeals as too harsh a remedy even though under earlier decisions similar motions to dismiss had been granted. Compare Brackin v. Brackin (Fla.), 182 So.2d 1; Robbins v. Cipes (Fla.), 181 So.2d 521, and Greyhound Corporation v. Carswell (Fla.), 181 So.2d 638.
ROBERTS, J, concurs.