PER CURIAM.
By petition for writ of certiorari, Parker contends that an order of the District Court of Appeal, Fourth District, rendered September 30, 1968, (petition for rehearing denied October 17, 1968) dismissing his appeal for failure to pay costs, conflicts with the decisions of this Court in. Nolan v. Eshleman[1] and Johanson v. Insua.[2] We agree.
The question presented involves construction of Florida Appellate Rule 3.2, subd. f., 1967, 32 F.S.A.,[3] which has since *204 been substantially changed; therefore, no useful purpose will be served by rendering an extensive opinion. Parker instituted this action against one Vassalotti, Rinker Materials, and Haynes Painting & Decorating, Inc. Subsequently the following material events transpired: [1]
April 9, 1968: Final judgment in favor of Rinker was rendered with costs being taxed against petitioner-plaintiff in the sum of $35.00.
April 15, 1968: Final judgment in favor of Vassalotti was entered with recitation that: “Costs to be assessed upon appropriate motion in the future.”
April 22, 1968: Final judgment in favor of Haynes Painting & Decorating, Inc. was entered with costs being assessed against petitioner-plaintiff in the sum of $35.00.
May 29, 1968: Motion for new trial was denied.
July 29, 1968: Petitioner filed Notice of Appeal to the District Court of Appeal, Fourth District, and assigned as error the taxation of costs.
September 3, 1968: Costs against petitioner-plaintiff were assessed in favor of Vassalotti in the sum of $263.22.
September 6, 1968: Petitioner paid all costs assessed.
Apparently the District Court of Appeal concluded that failure to pay the first two cost judgments precluded maintenance of the appeal. Such conclusion is erroneous. Petitioner assigned as error the taxation of costs. We held in Nolan, supra, that appellant had 110 days from the filing of the notice of appeal to post super-sedeas ; and here, instead of posting super-sedeas, he paid the costs within said period of time. Further, that portion of the rule pertaining to settlement of costs refers to all costs assessed, and as set out in the foregoing list of events, petitioner paid all the costs within three days after the total costs were settled.
The order of the District Court is quashed, with directions to reinstate the appeal.
ERVIN, C. J., ROBERTS, DREW and CARLTON, JJ., and RAWLS, District Judge, concur.

. Nolan v. Eshleman, 183 So.2d 205 (Fla.1966).

. Johanson v. Insua, 184 So.2d 421 (Fla.1966).

. Florida Appellate Rule 3.2, subd. f., 1967, reads as follows:
“Payment of Costs by Original Plaintiff. No appeal may be taken by the original plaintiff in any suit or proceeding until he shall have first paid all costs that have accrued in and about the suit, and have been specifically taxed against him, up to the time the appeal is taken; provided that nothing contained herein shall require the prepayment of costs by the original plaintiff when he has assigned as error the taxation of costs and has superseded the order, judgment *204 or decree specifically taxing the same; provided further, that in those instances where the costs are not settled until after the notice of appeal is filed, the party obligated shall be required to pay the same within ten (10) days upon written demand, otherwise said appeal shall be dismissed upon motion. Every motion to dismiss an appeal for failure to comply with this rule shall he filed on or before the 20th day after the filing of the notice of appeal or if costs were settled thereafter from the date of such settlement.”